IN RE WASHINGTON.

[Cite as *In re Washington* (1996), 75 Ohio St.3d 390.]

(No. 94–2126—Submitted December 12, 1995—Decided March 6, 1996.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Eleanore E. Hilow,* Assistant Prosecuting Attorney, for appellant.

*James A. Draper,* Cuyahoga County Public Defender, and *Mark A. Spadaro,* Assistant Public Defender, for appellee.

FRANCIS E. SWEENEY, SR., J. The issues before this court are whether a rebuttable presumption exists that a child under the age of fourteen is incapable of committing the crime of rape and whether sufficient evidence existed to support the trial court's finding that appellee was delinquent. For the following reasons, we find that (1) no such presumption exists in Ohio, and (2) in the present case the evidence was sufficient to support the trial court's finding that appellee was delinquent. Accordingly, we reverse the court of appeals' judgment.

In determining the legal sufficiency of the state's evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825. The weight and credibility of the evidence

are best left to the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

R.C. 2907.02(A) states in relevant part as follows:

"(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

R.C. 2907.01(A) defines "sexual conduct" in relevant part as follows:

" 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. *Penetration, however slight, is sufficient to complete vaginal or anal intercourse.*" (Emphasis added.)

In the present case, appellee was indicted as follows:

"[Rhodell Washington did] unlawfully engage in sexual conduct with another * * * a person who was not his spouse at the time, the said Rhodell Washington purposely compelled [the others] * * * to submit to such sexual conduct by force or threat of force * * *."

At trial, Camille Pearman testified that appellee inserted his penis into her rectum, causing her pain. Pamela Berg testified appellee admitted inserting his penis into the rectums of both girls. Both Ashley and Camille testified they were afraid of appellee at the time the sexual incidents occurred. Camille testified that appellee had not threatened her, but he did nothing to help when Little made the threats to them.

Upon viewing the foregoing evidence and the reasonable inferences drawn therefrom in the light most favorable to the state, we conclude that any rational trier of fact could have found beyond a reasonable doubt that appellee penetrated, however slightly, the rectums of both girls with his penis, which, pursuant to R.C. 2907.01(A), constituted anal intercourse. Applying the same sufficiency analysis, we likewise conclude that any rational trier of fact could have found beyond a reasonable doubt that appellee, acting in concert with Little, used threats and force to compel Ashley and Camille to submit to anal intercourse. Accordingly, sufficient evidence exists to support the trial court's finding that appellee committed rape.

In finding that insufficient evidence existed to support the trial court's finding of rape, the court of appeals relied on cases from the 1800s such as *Williams v. State* (1846), 14 Ohio 222, and *Hiltabiddle v. State* (1878), 35 Ohio St. 52, the latter of which held that "[a]n infant under the age of fourteen years is presumed to be incapable of committing the crime of rape, or an attempt to commit it; but that the presumption may be rebutted by proof that he has arrived at the age of puberty and is capable of emission and consummating the crime." *Williams, supra,* at 227. This case law came about because until 1877, the emission of

semen was an essential element of rape. Thus, the rule that a child under age fourteen was presumed incapable of committing the crime involved this element and could be rebutted only upon evidence that the rapist could emit semen. However, such a rule is now unnecessary, as the present statute does not require this element. As succinctly stated by the Second District Court of Appeals in *In re Wilson* (Dec. 1, 1988), Montgomery App. No. 10909, unreported, 1988 WL 129176: "A rule which requires proof of the capacity to emit a seed when there is proof of penetration by force against the victim's will is archaic and has no place in today's society." See, also, *In re Smith* (1992), 80 Ohio App.3d 502, 609 N.E.2d 1281. As noted by the court in *In re Wilson*, the General Assembly in 1974 further expanded the class of persons who may be convicted of rape when it established that mere penetration, however slight, constituted rape. Thus, to adhere to this old English common-law rule would be to override the clear intent of the General Assembly to broaden the class of persons who can be convicted of rape. Accordingly, we abolish the common law that held a child under the age of fourteen is rebuttably presumed incapable of committing rape.

While this court did mention this common-law rule in a more recent case, *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, the issue of the rule's viability was not before the court in that case and it was mentioned only *in dicta*. Furthermore, the facts in that case are distinguishable from the present forced sexual conduct, as the children in *In re M.D.* were merely "playing doctor" when a twelve-year-old girl directed two five-year olds to perform a sexual act. Thus, *In re M.D.* is not binding on this court as to the issue of whether such a presumption exists.

Accordingly, we conclude that a child under the age of fourteen is capable of committing rape (*Williams v. State* [1846], 14 Ohio 222, and *Hiltabiddle v. State* [1878], 35 Ohio St. 52, overruled), and that, in the present case, sufficient evidence existed to support the trial court's finding that appellee committed rape.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

WRIGHT, J., dissenting. Ignore the defendant's age in this case and most of the problems with the majority's decision disappear. Pretend that the defendant was not eight years old when these "serial rapes" were committed and the outcome—probation—appears so mild as to invite outrage. But, focus on the defendant's age and the issue becomes, "did the defendant have criminal intent?" An ancillary question might be, "*could* the defendant have had criminal intent?"

This case was originally filed because the "appellee showed no remorse for the rapes." To have remorse, a person must understand the nature and consequences of the wrong. I cannot seriously believe that an eight-year-old child intended to commit a rape and then callously ignored the consequences.

It appears from the facts that the parents attempted to resolve this problem. Somehow, in a manner that defies explanation, the problem turned into a court case and is now before this state's highest court. Perhaps I am missing something, but this strikes me as a scenario out of a Franz Kafka novel.

The majority's reasoning hinges on a reading of R.C. 2907.01(A) that overrules earlier case law which raised a rebuttable presumption that a child under the age of puberty was not capable of committing a rape. The majority apparently finds that when the legislature revised the statute, it intended to broaden the class of potential rape defendants to include young children.

I am satisfied that the focus in this case should be the requisite intent of a defendant. R.C. 2907.02(A)(2) defines rape, in part, as "sexual conduct with another where the offender purposely compels the other person to submit by force or threat of force." There is no showing that the defendant "intended" to have "sexual conduct" with his eight-year-old victims. The child admitted what he did, but nowhere in the facts is there any suggestion that he knew that what he was doing amounted to "sexual conduct." Absent some showing that the defendant had an appreciation of the sexual nature of his conduct, how is it possible to find him guilty of this charge?

Furthermore, the statute requires that the act be committed by "force or threat of force." There is no evidence in the record that the defendant used either. While there is evidence that the girls were "afraid" of the defendant and his twelve-year-old accomplice, and that the twelve-year-old threatened the girls after the "rapes," there is no evidence that force or the threat of force was employed before the "rapes" occurred. Similarly, there is no evidence that the appellee employed any force or threat before or after the "rapes." The majority notes that the appellee did not help the girls when they were threatened. I am at a loss about what the majority would have the eight-year-old do to the threatening twelve-year-old.

The majority overturns *Williams v. State* (1846), 14 Ohio 222, and *Hiltabiddle v. State* (1878), 35 Ohio St. 52, on the grounds that both are relics of an era when emission of semen was an element of rape. While it is true that that element has been supplanted by the rule of mere penetration, there is no support cited for the contention that the change was intended to sweep pre-pubescent children into the ambit of the revised statute.

It would be wiser, on these facts, to refrain from overruling a precedent that protects an eight-year-old child from being labeled a serial rapist. This is an

issue better suited to legislative examination than judicial fiat.   Respectfully, I dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.