[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 390.]

IN RE WASHINGTON.

[Cite as *In re Washington*, 1996-Ohio-186.]

*Criminal law—Sex offenses—Rape—R.C. 2907.02—Child under the age of fourteen is presumed capable of committing rape.*

A child under the age of fourteen is presumed capable of committing rape.

(*Williams v. State* [1846], 14 Ohio 222, and *Hiltabiddle v. State* [1878], 35 Ohio St. 52, overruled.)

(No. 94-2126—Submitted December 12, 1995—Decided March 6, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 65755.

———————————

{¶ 1} Appellee, Rhodell Washington, was adjudicated delinquent on two separate counts of rape, and was placed on intensive probation. On September 4, 1992, the date of the rape, Rhodell Washington was eight years old, as were the victims, Camille Pearman and Ashley Anderson. The codefendant, William Little, age twelve, was separately tried.

{¶ 2} On December 15, 1992, the Juvenile Division of the court of common pleas conducted an inquiry hearing at which appellee reluctantly admitted to an intake mediator that he had anal intercourse with Camille and Ashley. Despite appellee's young age, the Juvenile Division determined to make the complaint an official filing since appellee showed no remorse for the rapes. The Cleveland Police Department filed a two-count formal complaint against appellee, Rhodell Washington, which alleged he raped Camille Pearman and Ashley Anderson, purposely compelling them to submit to such sexual conduct by force or threat of force, in violation of R.C. 2907.02(A)(1), rape, an aggravated felony of the first degree.

**{¶ 3}** The following evidence was adduced at trial. Camille Pearman testified that in September 1992, appellee hurt her and Ashley. Camille was given anatomically correct dolls and asked to show the court how she was hurt. Camille stated that Dell (the appellee) put his penis into her anus and that this caused her pain. She stated that Little, but not appellee, had threatened her that day, yet she was afraid of both boys at the time that the sexual conduct occurred. Camille also stated that appellee did nothing to help her while Little was threatening the girls.

**{¶ 4}** Camille's mother, Victoria Pearman, testified that she learned of the incident from a neighbor and then questioned her daughter. Camille related to her mother the same set of facts which Camille testified to at trial.

**{¶ 5}** Ashley Anderson testified that on September 4, 1992, appellee was playing with Little. Ashley was also given anatomically correct dolls to aid in her testimony. She stated that appellee touched her private part without asking her permission. She stated that it hurt when appellee touched her. Ashley also stated that she was afraid of appellee on that day. When her mother found out what happened, she was beaten.

**{¶ 6}** Ashley's mother testified that appellee's father contacted her about the incident and stated that his son had something to tell her. Appellee told Ashley's mother "that he had done it too." Upon returning home, she questioned her daughter. Ashley did not want to tell her, so she hit her several times until Ashley related the incident.

**{¶ 7}** The state then presented Alan Maragliano, a social worker at University Hospitals. Maragliano testified that he conversed with both girls, Ashley and Camille, when they were brought into the hospital. He testified that the girls were reluctant to describe the sexual conduct, but did state the two boys took off their shirts and dropped their pants.

**{¶ 8}** Cleveland Police Officer Pamela Berg from the Sex Crimes and Child Abuse Unit testified that she interviewed appellee who, after being advised of his

legal rights, admitted in the presence of one of his parents that he inserted his penis into the rectums of both girls. The state then rested. Defense counsel moved for acquittal which was denied by the trial court, and the defense rested.

{¶ 9} The trial court thereafter found the allegations of rape proved beyond a reasonable doubt and adjudged appellee delinquent. Appellee was placed on intensive probation, he and his parents were ordered into the pre-adolescent sex offender's program, and his father was ordered into drug rehabilitation.

{¶ 10} The court of appeals reversed the trial court's finding that appellee was delinquent. The court of appeals held (1) that the evidence was insufficient to support the trial court's finding, and (2) that a rebuttable presumption existed that appellee was incapable of committing rape because he was under age fourteen, and that the state failed to rebut this presumption.

{¶ 11} This matter is now before this court upon an allowance of a discretionary appeal.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Eleanore E. Hilow*, Assistant Prosecuting Attorney, for appellant.

*James A. Draper*, Cuyahoga County Public Defender and *Mark A. Spadaro*, Assistant Public Defender, for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 12} The issues before this court are whether a rebuttable presumption exists that a child under the age of fourteen is incapable of committing the crime of rape and whether sufficient evidence existed to support the trial court's finding that appellee was delinquent. For the following reasons, we find that (1) no such presumption exists in Ohio, and (2) in the present case the evidence was sufficient to support the trial court's finding that appellee was delinquent. Accordingly, we reverse the court of appeals' judgment.

**{¶ 13}** In determining the legal sufficiency of the state's evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825. The weight and credibility of the evidence are best left to the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

**{¶ 14}** R.C. 2907.02(A) states in relevant part as follows:

"(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

**{¶ 15}** R.C. 2907.01(A) defines "sexual conduct" in relevant part as follows:

"'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus, regardless of sex. *Penetration, however slight, is sufficient to complete vaginal or anal intercourse*." (Emphasis added.)

**{¶ 16}** In the present case, appellee was indicted as follows:

"[Rhodell Washington did] unlawfully engage in sexual conduct with another *** a person who was not his spouse at the time, the said Rhodell Washington purposely compelled [the others] *** to submit to such sexual conduct by force or threat of force ***." At trial, Camille Pearman testified that appellee inserted his penis into her rectum causing her pain. Pamela Berg testified appellee admitted inserting his penis into the rectums of both girls. Both Ashley and Camille testified they were afraid of appellee at the time the sexual incidents occurred. Camille testified that appellee had not threatened her, but he did nothing to help when Little made the threats to them.

{¶ 17} Upon viewing the foregoing evidence and the reasonable inferences drawn therefrom in the light most favorable to the state, we conclude that any rational trier of fact could have found beyond a reasonable doubt that appellee penetrated, however slightly, the rectums of both girls with his penis which, pursuant to R.C. 2907.01(A), constituted anal intercourse. Applying the same sufficiency analysis, we likewise conclude that any rational trier of fact could have found beyond a reasonable doubt that appellee, acting in concert with Little, used threats and force to compel Ashley and Camille to submit to anal intercourse. Accordingly, sufficient evidence exists to support the trial court's finding that appellee committed rape.

{¶ 18} In finding that insufficient evidence existed to support the trial court's finding of rape, the court of appeals relied on cases from the 1800's such as *Williams v. State* (1846), 14 Ohio 222, and *Hiltabiddle v. State* (1878), 35 Ohio St. 52, the latter of which held that "[a]n infant under the age of fourteen years is presumed to be incapable of committing the crime of rape, or an attempt to commit it; but that the presumption may be rebutted by proof that he has arrived at the age of puberty and is capable of emission and consummating the crime." *Williams, supra*, at 227. This case law came about because until 1877, the emission of semen was an essential element of rape. Thus, the rule that a child under age fourteen was presumed incapable of committing the crime involved this element and could be rebutted only upon evidence that the rapist could emit semen. However, such a rule is now unnecessary as the present statute does not require this element. As succinctly stated by the Second District Court of Appeals in *In re Wilson* (Dec. 1, 1988), Montgomery App. No. 10909, unreported: "A rule which requires proof of the capacity to emit a seed when there is proof of penetration by force against the victim's will is archaic and has no place in today's society." See, also, *In re Smith* (1992), 80 Ohio App.3d 502, 609 N.E.2d 1281. As noted by the court in *In re Wilson*, the General Assembly in 1974 further expanded the class of persons who

may be convicted of rape when it established that mere penetration, however slight, constituted rape.  Thus, to adhere to this old English common-law rule would be to override the clear intent of the General Assembly to broaden the class of persons who can be convicted of rape.  Accordingly, we abolish the common law that held a child under the age of fourteen is rebuttably presumed incapable of committing rape.

{¶ 19} While this court did mention this common-law rule in a more recent case, *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, the issue of the rule's viability was not before the court in that case and it was mentioned only *in dicta.* Furthermore, the facts in that case are distinguishable from the present forced sexual conduct, as the children in *In re M.D.* were merely "playing doctor" when a twelve-year-old girl directed two five-year olds to perform a sexual act.  Thus, *In re M.D.* is not binding on this court as to the issue of whether such a presumption exists.

{¶ 20} Accordingly, we conclude that a child under the age of fourteen is capable of committing rape (*Williams v. State* [1846], 14 Ohio 222 and *Hiltabiddle v. State* [1878], 35 Ohio St. 52, overruled), and that, in the present case, sufficient evidence existed to support the trial court's finding that appellee committed rape.

{¶ 21} The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., disent.

_____