**In re DALTON.**

[Cite as *In re Dalton* (1996), 115 Ohio App.3d 794.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 95–BA–22.

Decided Nov. 26, 1996.

*Gary W. Smith,* for appellant.

GENE DONOFRIO, Judge.

This timely appeal arises from a judgment order of the Juvenile Division of the Belmont County Court of Common Pleas, finding Allen O. Dalton ("appellant") to be a delinquent child. The juvenile division judge sentenced appellant to ninety days in the Belmont County Jail, suspended the sentence, and ordered appellant to be placed on the Belmont County Restitution and Litter Control Program for restitution for one-half or $60 of the victim's mother's lost wages, one hundred hours of community service, and court costs.

On April 25, 1994, a complaint was filed in the Juvenile Division of the Belmont County Court of Common Pleas alleging appellant to be a delinquent child. Appellant was charged with violating R.C. 2923.03(A)(2), which is the offense of complicity, the underlying charge being pandering sexually oriented matter involving a minor, a violation of R.C. 2907.322. Also on April 25, 1994, the state filed a motion for relinquishment of jurisdiction for criminal prosecution, pursuant to R.C. 2151.26 and Juv.R. 30, requesting that appellant be tried as an adult. Additionally on April 25, 1994, an order for warrant was issued to the Sheriff of Belmont County, Ohio, to take appellant and place him in the Belmont–Harrison Juvenile District. Appellant was subsequently placed in this facility. Appellant's detention continued until July 5, 1994, at which time appellant was released from detention and placed into the custody of his parents.

Following a hearing regarding whether appellant was amenable to rehabilitation, the juvenile division, on November 7, 1994, denied the state's motion for the relinquishment of jurisdiction. On December 29, 1994, an adjudicatory hearing was held and appellant was found to be a delinquent child. On February 14, 1995, appellant made an oral motion to dismiss. On April 25, 1995, a hearing for ruling and final disposition was held, at which time appellant's motion to dismiss was overruled. Thereafter, on May 3, 1995, appellant filed a notice of appeal.

Appellant's charge stemmed from the incidents that occurred during early Sunday morning, April 3, 1994. Sometime during the early morning hours of April 3, 1994, a video was made. A video camera was set up in a bedroom in the house of an acquaintance of appellant, directed toward the bed. Appellant was aware of the camera. Appellant and the victim, a seventeen-year-old female, entered the room, at which time the lights were turned off. As a result, most of the video was indiscernible, although voices could be heard. Toward the later part of the video, the lights were turned on and appellant is shown touching the thighs of the victim, attempting to spread her legs while she lies naked on the bed. During this time, appellant can be seen with an erection. Another individual was holding the camera, filming the occurrence.

Appellant states in his sole assignment of error:

"The trial court committed prejudicial error in this case by not granting the motion of the juvenile, Allen O. Dalton, to dismiss this action."

Appellant correctly contends:

"As a matter of fact, the co-defendant in this case * * * was charged specifically by the Juvenile Court Division of the Belmont County Court of Common Pleas with having violated Ohio Revised Code Section 2907.322(A)(1). Therefore, since [appellant's] alleged conspirator was charged with violating Ohio Revised Code Section 2907.322(A)(1), it can only be assumed that [appellant] aided or abetted * * * in violating that statute."

R.C. 2907.322(A)(1) provides:

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

"(1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality."

"Sexual activity" is defined in R.C. 2907.01(C):

" 'Sexual activity' means sexual conduct or sexual contact, or both."

"Sexual conduct" is defined in R.C. 2907.01(A):

" 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

"Sexual contact" is defined in R.C. 2907.01(B):

" 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

It is appellant's position that the video tape did not *show* any of the aforementioned activities.

The film does show a minor participating in sexual activity, specifically, sexual contact. The film shows appellant touching the thighs of the victim, attempting to spread her legs so that the individual with the camera could film the victim's pubic region. During this time, appellant can be seen with an erection.

The standard of review for an appellate court when reviewing a decision of a juvenile division of a court of common pleas has recently been expressed in *In re Washington* (1996), 75 Ohio St.3d 390, 392, 662 N.E.2d 346, 348:

"In determining the legal sufficiency of the state's evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825. The weight and credibility of the evidence are best left to the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus."

Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that video shows a minor participating in sexual activity.

Appellant's assignment of error is found to be without merit. The judgment order of the juvenile division is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.