OPINION
The defendant-appellant, Jeffrey Schindler ("appellant"), appeals the judgment of the Defiance County Court of Common Pleas, Juvenile Division, finding him delinquent. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On December 21, 1998, an altercation took place between Jeffrey Schindler and employees of Farmer Elementary School of the Central Local School District. Jeffrey was a ten year-old fifth grader at the time of the incident.
Due to previous behavioral problems on the bus, arrangements had been made to have Jeffrey transported home from school on a bus separate from the rest of the students. This arrangement was with the consent of Jeffrey's parents and had been in place for approximately one month. At the end of the school day, on December 21, 1998, Jeffrey asked his teacher, Mrs. Ray, if he could speak to the principal, Mrs. Hill. Mrs. Ray escorted Jeffrey to the office were he told Mrs. Hill that he was going to ride his regular bus home that afternoon. Jeffrey was under the impression that the bus driver was distributing Christmas treats to the students that day and he wanted to get a treat. Mrs. Hill informed Jeffrey that he would not be allowed to ride his old bus and had to ride the special bus that had been arranged for him. Jeffrey became enraged by the denial and ran out of the school building to get on the bus anyway.
On his way out of the building, Jeffrey pushed Mrs. Ray knocking her into the lockers and causing her watch to fall off her wrist and break. Mrs. Hill followed Jeffrey outside and was able to get the bus driver to shut the bus doors before Jeffrey could get on the bus. Jeffrey then tried to force the bus doors open. Mrs. Hill put herself between Jeffrey and the bus and the bus pulled away. Jeffrey's anger escalated and he kicked Mrs. Hill in the chest. Through the whole incident, Jeffrey was yelling loudly and using profane language.
Eventually Jeffrey calmed down and the school's superintendent and a deputy from the sheriff's department arrived. Jeffrey was taken home by the deputy and was charged with delinquency based upon three counts of assault of school personnel.[1]
On July 14, 1999, an adjudication hearing was held in this matter. At the conclusion of the hearing, the judge found Jeffrey delinquent and sentenced him to a suspended six-month commitment in the Department of Youth Services and placed him on probation for three years. It is from this judgment that the appellant appeals asserting three assignments of error.
 Assignment of Error No. 1 The trial court's decision is against the manifest weight of the evidence, in that the State did not prove that appellant acted knowingly.
The appellant contends that the judgment of the trial court is against the manifest weight of the evidence concerning the appellant's state of mind at the time of the incident. For the following reasons, we disagree.
The standard of review for an appellate court when reviewing a decision of a juvenile division of a court of common pleas has recently been expressed by the Supreme Court of Ohio in In ReWashington (1996), 75 Ohio St.3d 390. "In determining the legal sufficiency of the state's evidence, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."Id. at 392. The weight and credibility of the evidence are best left to the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
The appellant contends that the prosecution failed to prove that he committed the assaults knowingly, which is an essential element of the case. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). The evidence in this case is such that reasonable minds could conclude that the appellant was aware of the results his conduct would produce. He pushed and kicked his teacher and principal in an attempt to get on the desired bus.
The judgment of the trial court finding the appellant delinquent is not against the manifest weight of the evidence. Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 The trial court abused its discretion in refusing to consider evidence from a January 11, 1999 special education meeting conducted by Central Local School District, evidence regarding which was relevant to the question of mental culpability.
 The appellant contends that the trial court erred in refusing to consider evidence from the Manifestation Determination Worksheet prepared by members of the appellant's Individualized Education Plan ("IEP") team several weeks after the incident. Initially, the judge refused to allow the document into evidence; ruling that a document prepared almost a month after the incident was irrelevant. However, the record in this case clearly shows that the document was later admitted into evidence and testimony concerning its contents was heard. The school principal, Mrs. Hill, was questioned about the report by the appellant on cross-examination.
It appears from the record that the trial judge did consider the Manifestation Determination Worksheet in reaching his conclusion. Therefore, the appellant's second assignment of error is without merit and is overruled.
 Assignment of Error No. 3 The trial court abused its discretion in its disposition of appellant, by denying the appellant's motion to join the school district as a party, and by sentencing the appellant to suspended incarceration and 3 years of probation while failing to consider or include provisions regarding appellant's behavioral disability and his special education program.
The appellant contends that the trial court abused its discretion in denying his motion to join the school district as a party in this matter. For the following reasons, we disagree.
Juv.R. 2(X) defines a "party" as follows.
 "Party" means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.
Pursuant to this rule, a juvenile court has wide discretion in affording any individual party status. In re Jane Doe 1 (1990),57 Ohio St.3d 135, 137.
This Court must review the trial court's decision in this matter under an abuse of discretion standard. An abuse of discretion connotes more than an error of law or judgment. It implies the court's attitude was unreasonable, arbitrary, or unconscionable. Id.
Juv.R. 2(X) affords a procedural device permitting a trial court to include individuals not specifically otherwise designated a party but whose presence is necessary to fully litigate an issue presented in the action. Thus the court may protect and adjudicate all legitimate claims, protect all interests appearing, avoid multiple litigation and conserve judicial time in the orderly administration of justice. However, it is clear that Juv.R. 2(X) allows a trial court to exercise its sound discretion in determining whether to designate a person an additional party.In re Franklin (1993), 88 Ohio App.3d 277, 280-81.
The trial court determined that the Central Local School Board was not a necessary party to this action. Nothing in the record shows that this determination was unreasonable, arbitrary, or unconscionable. Therefore, the trial court did not abuse its discretion in denying the appellant's motion to join the school board. Accordingly, the appellant's third assignment of error is overruled.
Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.
[1] Jeffrey was originally charged with three counts of assault, but the third count was dismissed before the hearing.