[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant, Douglas Adamski, was adjudicated a delinquent child for committing acts, which, if committed by an adult, would have constituted five counts of attempted grand theft of a motor vehicle in violation of R.C. 2913.01 and 2923.02 and one count of possession of criminal tools in violation of R.C. 2923.24. On appeal, he presents two assignments of error for review.
In his first assignment of error, he contends that the evidence was insufficient to support the adjudication. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Adamski knowingly engaged in conduct, which, if successful, would have allowed him to obtain or exert control over five automobiles without the owner's consent and with the purpose to deprive the owner of those automobiles. The evidence also could have convinced a rational trier of fact that Adamski possessed a crowbar with purpose to use it criminally. Consequently, the evidence was sufficient to show that Adamski committed acts, which, if committed by an adult, would have constituted five counts of attempted grand theft and one count of possession of criminal tools. Therefore, the evidence was sufficient to support the adjudication. SeeIn Re Washington (1996), 75 Ohio St.3d 390, 662 N.E.2d 346; In ReWilliams (Dec. 22, 2000), Hamilton App. Nos. C-990841 and C-990842, unreported. Accordingly, we overrule Adamski's first assignment of error.
In his second assignment of error, Adamski contends that the adjudication is against the manifest weight of the evidence. Our review of the record shows that the state presented substantial evidence upon which the trier of fact could have reasonably concluded that all of the elements of the offenses had been proven beyond a reasonable doubt. Therefore, the adjudication was not against the manifest weight of the evidence. See State v. Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus; In the Matter of Jennings (Oct. 26, 1990), Lucas App. No. L 89-203, unreported; State v. Redmon (Apr. 11, 1984), Hamilton App. No. C-830536, unreported. Accordingly, we overrule Adamski's second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Winkler, JJ.