OPINION
{¶ 1} Jordie L. Callahan appeals a judgment of the Court of Common Pleas, Juvenile Division, of Ashland County, Ohio, which found he was a delinquent child by virtue of committing acts which would have constituted the offense of rape if committed by adult. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN FINDING JORDIE L. CALLAHAN TO BE A DELINQUENT CHILD HAVING COMMITTED ACTS CONSTITUTING HIS OFFENSE OF RAPE IN VIOLATION OF O.R.C. SECTION 2907.02 (A)(1)(b) WHERE THE EVIDENCE ESTABLISHED THAT THE VICTIM WAS NOT PRE-PUBERTY.
 {¶ 3} "II. THE TRIAL COURT ERRED IN FINDING JORDIE L. CALLAHAN TO BE A DELINQUENT CHILD HAVING COMMITTED ACTS CONSTITUTING THE OFFENSE OF RAPE IN VIOLATION OF O.R.C. SECTION 2907.02 (A)(1)(b) WHERE THE EVIDENCE FAILED TO ESTABLISH SEXUAL CONDUCT AS DEFINED IN O.R.C. SECTION 2907.01 (A)."
 {¶ 4} The record indicates when appellant was fifteen years old, he engaged in a sexual encounter with a girl who was eleven years old at the time. The victim testified the encounter was consensual, and that she had been the aggressor. The victim testified she lied to appellant about her age, and told him she was fifteen. The victim testified appellant had touched her on the inside with his hand, but that there was no penile penetration.
 I {¶ 5} In his first assignment of error, appellant argues the court erred in finding he had violated R.C. 2907.02, because the victim was not pre-pubescent, and had misrepresented her age.
 {¶ 6} R.C. 2907.02 prohibits sexual conduct with a person under the age of thirteen years, whether or not the offender knows the age of the victim. Appellant admits the statute is a strict liability offense, but argues the legislature's rationale was that a pre-puberty victim is "not easily mistaken," see the official comments to R.C. 2907.02.
 {¶ 7} We find the statute clearly provides that the perpetrator need not have information about the victim's age. Accordingly, we find the issue appellant raises is not a defense to the crime charged.
 {¶ 8} The first assignment of error is overruled.
 II {¶ 9} In his second assignment of error, appellant argues the evidence was legally insufficient to prove the offense charged. In the case of In Re: Washington, 75 Ohio St.3d 390, 1996-Ohio-186,662 N.E.2d 346, the Ohio Supreme Court held: To determine the legal sufficiency of the State's evidence, we must ask whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, Washington, at 391, citations deleted.
 {¶ 10} R.C. 2907.01 defines sexual conduct as vaginal intercourse between a male and female, anal intercourse, fellatio, and cunnilingus between persons regardless of sex, and insertion, however slight, of any body part or apparatus into the vaginal or anal cavity of another.
 {¶ 11} Appellant argues the victim's testimony could be construed in a number of different ways. We have reviewed the record, and we find the juvenile court was correct in finding the victim's testimony showed appellant had engaged in prohibited sexual conduct with her.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law.
By Gwin, P.J., Wise, J., and Boggins, J., concur.
topic: juvenile delinquency-rape-age of victim