[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Appellant, Clifford McNeal, appeals an adjudication of delinquency for conduct that, if committed by an adult, would have constituted the offense of receiving stolen property pursuant to R.C.2913.51. In his sole assignment of error, he contends that the state's evidence was insufficient to support the adjudication. This assignment of error is not well taken.
{¶ 3} A person aids and abets another when he supports, assists, encourages, cooperates with, advises or incites the principal in the commission the crime, and shares the criminal intent of the principal.State v. Johnson, 93 Ohio St.3d 240, 2001-Ohio-1336, 754 N.E.2d 796;State v. Tobias, 1st Dist. No. C-020261, 2003-Ohio-2336. Aiding and abetting may be demonstrated by direct or circumstantial evidence and can be inferred from presence, companionship and conduct before and after the offense is committed. State v. Cartellone (1981), 3 Ohio App.3d 145,444 N.E.2d 68; State v. Martin (Oct. 24, 1997), 1st Dist. No. C-960563.
{¶ 4} The state presented evidence from which the trier of fact could reasonably have inferred that McNeal had aided and abetted the principal offender in receiving or retaining a stolen automobile. SeeState v. Wilson (1985), 21 Ohio App.3d 171, 486 N.E.2d 1242; State v.Thomas, 1st Dist. No. C-010724, 2002-Ohio-7333; State v. James (Aug. 17, 2001), 1st Dist. No. C-010036; In re Straquadine (Jan. 27, 1994), 8th Dist. No. 65816. After viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of receiving stolen property proved beyond a reasonable doubt. Therefore, the evidence was sufficient to support the adjudication of delinquency. See In re Washington, 75 Ohio St.3d 390,1996-Ohio-186, 662 N.E.2d 346; In re Booker (1999), 133 Ohio App.3d 387,728 N.E.2d 405. Accordingly, we overrule McNeal's assignment of error and affirm the trial court's judgment.
{¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.