[Cite as *In re Spencer*, 2011-Ohio-4421.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  JERMEL SPENCER.

:

:

:

APPEAL NO. C-100667
TRIAL NO. 10-8219Z

*D E C I S I O N.*

Criminal Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 2, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Susannah M. Meyer*, for Appellant Jermel Spencer.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}     Appellant Jermel Spencer was adjudicated a delinquent child for acts that would have constituted vehicular vandalism under R.C. 2909.09 if committed

by an adult. The state presented evidence that Spencer threw a softball-size piece of asphalt at a car owned and driven by James Hicks. The piece of asphalt shattered Hicks's windshield in a circular pattern from the edge of the passenger-side window to the center of the windshield and from top to bottom. Though Hicks was not injured, the impact left glass on the passenger seat.

{¶2}  In his first and second assignments of error, Spencer contends that the state's evidence was insufficient to support the adjudication of delinquency for vehicular vandalism as a fourth-degree felony because the state failed to prove the element of "serious physical harm to property" beyond a reasonable doubt. He argues that the trial court improperly took judicial notice of that element. These assignments of error are not well taken.

{¶3}  R.C. 2909.09(B)(1) provides that "[n]o person shall knowingly, and by any means, drop or throw any object at, onto, or in the path of any * * * vehicle[.]" R.C. 2909.09(C) provides that "if the violation of this section creates a substantial risk of physical harm to any person or the violation of this section causes serious physical harm to property, vehicular vandalism is a felony of the fourth degree."

{¶4}  "Serious physical harm to property" is any physical harm to property that "[r]esults in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace," or "[t]emporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time."[1]

{¶5}  We agree that the trial court would have erred in taking judicial notice that a shattered windshield constituted serious physical harm to property. This court, in a case with similar facts, stated that "[w]hen a special circumstance

---

[1] R.C. 2901.01(A)(6).

enhances the degree of an offense, it is an element of the crime that the state must prove beyond a reasonable doubt."[2]

{¶6} A court cannot take judicial notice of the elements of an offense.[3] Nevertheless, although the court used the term "judicial notice," it was not actually taking judicial notice, but making a finding of fact. Regardless of the court's improper use of the term "judicial notice," the state's evidence supported a factual finding that, by shattering Hicks's windshield, Spencer had caused serious physical harm to his car.

{¶7} Spencer did not just throw a small rock, instead he "launched" a softball-sized piece of asphalt into Hicks's windshield. Contrary to Spencer's contention that the damage was only "a small hole," the evidence showed that the windshield had a large, circular fracture. Hicks stated that the "windshield didn't actually break completely, but [the asphalt] caused a huge hole in it. The asphalt kind of sunk in and it penetrated the inside of it but not the outside totally. It just cracked the outside. And all the glass was fine and shattered on the seat and the dashboard."

{¶8} A police officer stated that the "entire passenger side window was shattered from the edge of the passenger side to the center of the windshield, top to bottom, all the way in a circular pattern from a circular point where something had hit it." She stated that she could see where "the impact had occurred and where it had shattered outward as in a spider web or spider web kind of fracture."

{¶9} This evidence was sufficient to show that Spencer had caused physical harm to the car that temporarily prevented its use or enjoyment. Consequently, we hold that the state presented sufficient evidence, when viewed in a light most

---

[2] *State v. Wilson*, 1st Dist. No. C-061000, 2007-Ohio-6339, ¶11.
[3] *State v. Boyd*, 6th Dist. No. OT-06-034, 2008-Ohio-1229, ¶40-48; *State v. Shaw*, 7th Dist. No. 03 JE 14, 2004-Ohio-5121, ¶55.

favorable to the prosecution, to prove beyond a reasonable doubt that Spencer had caused serious physical harm to property.[4] We overrule Spencer's first and second assignments of error.

{¶10} In his fifth assignment of error, Spencer again argues that the evidence was insufficient to support his adjudication of delinquency for vehicular vandalism as a fourth-degree felony. He argues that the state failed to prove beyond a reasonable doubt that he had created a substantial risk of physical harm to any person. This assignment of error is not well taken.

{¶11} This argument is actually academic since the state proved the element of "serious physical harm to property" beyond a reasonable doubt, which elevated the level of the offense to a fourth-degree felony. Nevertheless, the state also proved this element, as well.

{¶12} "Physical harm to persons" is "any injury, illness or other physiological impairment, regardless of its gravity or duration."[5] A substantial risk is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."[6]

{¶13} As the trial court stated, "A large rock shattering a windshield of a moving vehicle subjects the driver to the very real possibility of crashing, perhaps hitting other persons or vehicles." The fact that Hicks or any other person did not suffer physical harm does not mean that a substantial risk of harm did not exist.[7]

{¶14} Consequently, we hold that the state presented sufficient evidence, when viewed in a light most favorable to the prosecution, to prove beyond a

---

[4] See *In re Washington*, 75 Ohio St.3d 390, 392, 1996-Ohio-186, 662 N.E.2d 346; *In re Shad*, 1st Dist. Nos. C-080965 and C-081174, 2009-Ohio-3611, ¶15-17.
[5] R.C. 2901.01(A)(3).
[6] R.C. 2901.01(A)(8).
[7] See *Wilson*, supra, at ¶10-11.

reasonable doubt that Spencer had created a substantial risk of harm to any person.[8] Consequently, we overrule Spencer's fifth assignment of error.

{¶15}   In his third and fourth assignments of error, Spencer contends that his adjudication of delinquency for vehicular vandalism as a fourth-degree felony was against the manifest weight of the evidence.  He argues that the state failed to present any competent, credible evidence showing that he had caused serious physical harm to property or that he had created a substantial risk of physical harm to persons.  This assignment of error is not well taken.

{¶16}   After reviewing the record, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Spencer's adjudication and order a new trial.  Therefore, the adjudication is not against the manifest weight of the evidence.[9]  We overrule Spencer's third and fourth assignments of error and affirm the adjudication of delinquency.

Judgment affirmed.


**HILDEBRANDT** and **CUNNINGHAM, JJ.,** concur.


Please Note:

The court has recorded its own entry this date.

---

[8] See *Washington*, supra, at 392; *In re Shad*, supra, at ¶15-17.
[9] See *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541; *Shad*, supra, at ¶15.