THE STATE OF OHIO, APPELLEE, *v.* SOWARD, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* CHAPMAN, APPELLANT.

[Cite as State v. Soward (1975), 47 Ohio App. 2d 59.]

(Nos. 34368 and 34369—Decided December 4, 1975.)

*Mr. John T. Corrigan,* for appellee.
*Mr. James D. London,* for appellant.

DAY, J. It is not perfectly clear that R. C. 2953.05 is a jurisdictional statute in one of its aspects. The section provides:

"Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, *whichever is the latter.* Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the supreme court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the court of appeals in all cases as provided by law." (Emphasis added.)

Were it not for the phrase "whichever is the latter [sic]" the legislative intent would be unclouded. The sec-

tion would simply define three final orders activating the running of the thirty-day appeal period. This interpretation takes some comfort from the general tenor of the section.

However, the words "whichever is the latter" are there. And compliance is jurisdictional unless the phrase is interpreted as a mere timing device determining that the category which occurs last is the one that triggers the running of the time for appeal. Such jurisdictional characterization has the advantage of requiring the disposition at the trial level of all errors which a movant asserts require a new trial. Conceivably a trial court may agree and its action on the motion may obviate appeal. Under this interpretation the notices of appeal in these cases were premature, cf. App. R. 4(B), while motions for new trial were pending.

For the reasons assigned we have concluded that "whichever is the latter" posits a jurisdictional condition and that, in consequence, a condition for lodging jurisdiction in this court was not met in either appeal.

*Appeals dismissed.*

KRENZLER, C. J., and PARRINO, J., concur.