OPINION
{¶ 1} John E. Huber II appeals from a judgment of the Dayton Municipal Court, which found him guilty of a housing violation.
 {¶ 2} On September 30, 2002, a complaint was filed charging Huber with failure to maintain the exterior of his premises at 259 Lorenz in Dayton, in violation of the Dayton Revised Code of General Ordinances 93.46(E). The offense was a minor misdemeanor.
 {¶ 3} Acting on his own behalf, Huber pled not guilty and filed numerous motions in the trial court. A trial was held on February 7, 2003. The trial court found him guilty and sentenced him to pay $100, plus costs. The court suspended $75 of the fine on the condition that Huber correct all of the housing violations by May 31, 2003. On February 21, 2003, Huber filed a timely motion for new trial. On March 10, 2003, Huber paid his fine and court costs. He filed a notice of appeal on March 20, 2003, raising thirteen assignments of error.
 {¶ 4} In its response to Huber's arguments, the state has raised as a threshold issue that Huber has paid the fine and court costs associated with his conviction, thus mooting his appeal. The state has also argued that Huber's appeal is premature because his motion for new trial is still pending in the trial court.
 {¶ 5} Under App.R. 4(B)(3), if a criminal defendant files a motion for new trial, the time for filing a notice of appeal begins to run when the order denying the motion is entered. A notice of appeal is premature in a criminal case when a motion for a new trial is still pending, and the notice of appeal does not confer jurisdiction upon the Court of Appeals. See State v. Soward (1975), 47 Ohio App.2d 59, 60. Thus, Huber's case lacks a final appealable order from the trial court, and we are without jurisdiction to consider his appeal.
 {¶ 6} We note, however, that the state has correctly identified another problem with Huber's appeal. Even if we had jurisdiction to consider it, we would be compelled to conclude that the appeal was moot. "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Berndt (1987), 29 Ohio St.3d 3,4, citing State v. Wilson (1975), 41 Ohio St.2d 236, syllabus.
 {¶ 7} Huber failed to present any evidence that he would suffer collateral legal consequences from his conviction. Although he did request a stay in the trial court, that request was denied. The trial court informed Huber that he could "post an appeal bond if [he] want[ed] to." Huber contends that he inquired about doing so at the clerk's office, but did not receive any helpful information, and was left with "no other choice" but to pay the fine. It is clear that Huber did not follow the appropriate procedure for obtaining an appeal bond from this court or the trial court. The usual procedure is to move the court to set an appeal bond. Huber was not unfamiliar with motion procedure, having filed numerous motions in these proceedings. The fact that the clerk was unhelpful did not render his decision to pay the fine and court costs involuntary. As such, his payment of the fine would be dispositive of his appeal in the absence of evidence of collateral legal consequences flowing from his conviction.
 {¶ 8} Huber's appeal is dismissed for lack of a final appealable order.
Fain, P.J. and Brogan, J., concur.