JOURNAL ENTRY AND OPINION
{¶ 1} N.K. appeals from an order of Juvenile Division Judge Janet E. Burney that found him delinquent. He claims the evidence was insufficient or inadequate to sustain charges of rape[1] and gross sexual imposition[2] committed by a ten-year old against two five-year olds, that the judge erred in finding that delinquency proceedings were appropriate under the circumstances, that he received ineffective assistance of counsel, and that he was denied his constitutional right to a speedy trial because of a seventeen month delay between the alleged offenses and the complaint. We affirm.
 {¶ 2} From the record we glean the following: On December 13, 2000, then ten-year-old N.K. was playing with C.H., his five-year-old neighbor, at her home in Cleveland C.H.'s mother found N.K. in her daughter's bedroom with his hands on the front of her daughter's pants. Both children subsequently admitted that C.H. had "licked" or "sucked" N.K.'s penis, but they differed about the events leading up to the incident. C.H. claimed that N.K. told her he would tell her friends not to play with her if she did not comply, and that he pushed her head down to make her submit. N.K., however, stated that they were playing a game called "bar," during which C.H. was serving him drinks, that she asked him to marry her and, when he refused, she suddenly pulled down his pants and did the act. He claimed that he did not resist or push her away because he would get in trouble if he pushed C.H., and because he was on medication that made him confused and unable to think clearly.[3]
 {¶ 3} The mother reported the incident to the police and, apparently, to neighbors. The allegations prompted A.W., then six years, who had also played with N.K., to tell her mother that he had touched her on her "front part" and "bottom," and that she had touched his private part. She stated that these incidents occurred during the summer of 2000, prior to her sixth birthday.
 {¶ 4} The initial investigation was conducted by Detective Gregory Wheeler, and some interviews were conducted by social worker Jackie Little of the Cuyahoga County Department of Children and Family Services.[4] Det. Wheeler did nothing else,[5] and no action was taken until the case was referred to Det. Karl Lessman, who referred the case for prosecution based primarily on the information contained in Ms. Little's reports. On May 20, 2002, a delinquency complaint was filed charging N.K. with committing an act of rape against C.H.; on September 17, 2002, the complaint was amended to include a second charge of rape resulting from the boy's conduct with A.W.
 {¶ 5} The judge found that N.K. committed an offense of rape against C.H., and the lesser included offense of gross sexual imposition against A.W., and found him delinquent. She imposed probation, conditioned on continued juvenile sex offender counseling, as well as continued treatment for his ongoing psychological disorders. She also imposed, among other things, a curfew, an after-school activity requirement, and community service obligations.
 {¶ 6} N.K. moved for new trial or to dismiss the complaint for lack of jurisdiction. Before his post-trial motion was ruled upon, he filed a notice of appeal from the adjudication and disposition. On February 14, 2003, the judge denied the motion to dismiss or for new trial, but she amended the finding of delinquency, sua sponte, to reduce the verdict of rape against C.H. to gross sexual imposition, thereby finding N.K. delinquent for committing two counts of gross sexual imposition. Despite the amended finding, however, the judge did not alter the dispositional order. N.K. states five assignments of error, which are included in Appendix A to this opinion.
 I. Jurisdiction {¶ 7} Before addressing this issue we note that the first assignment of error refers to the February 14, 2003 order that is not on appeal here. Although the judge issued a ruling on the post-trial motion and App.R. 4(C) allows premature notices to be rendered timely after entry of judgment, that rule applies only where the entry has been announced and not yet journalized. N.K.'s notice of appeal refers only to the January 9, 2003 judgment and disposition, and makes no claim that the judge had then announced her ruling on his post-trial motion. Therefore, the January 13, 2003 notice of appeal does not allow a challenge to the February 14, 2003 order denying the post-trial motion.
 {¶ 8} The more difficult questions we face are whether this court has jurisdiction over any part of the appeal, and whether the judge had jurisdiction to enter the February 14, 2003 ruling, which included modification of N.K.'s adjudication. In State v. Soward[6] the court ruled that R.C. 2953.05 prohibited any filing of a notice of appeal until after a motion for new trial had been ruled on. Since the repeal of that statute, however, courts have found that App.R. 4(B) allows a party the option of filing a notice of appeal from a final judgment while a motion for new trial is pending.[7] Therefore, we find that we have jurisdiction over the appeal filed on January 13, 2003, but that appeal does not include the later ruling.
 {¶ 9} A notice of appeal normally divests the trial judge of jurisdiction to enter further orders and, thus, there is a question whether the February 14, 2003 order is valid.[8] A judge does have jurisdiction to enter orders that do not interfere with the exercise of appellate jurisdiction.[9] However, the ruling denying the motion and, sua sponte, modifying N.K.'s adjudication to reduce the rape finding to gross sexual imposition, interfered with this court's jurisdiction. Therefore, the February 14, 2003 order, including the reduction of the charge against N.K., is void. Moreover, there is no need to remand this case for a ruling on the post-trial motion. Although limited remands are appropriate when a party has requested relief from judgment under Civ.R. 60(B),[10] such motions differ from motions for new trial under Civ.R. 59. A motion for new trial made in a juvenile proceeding tolls the deadline for filing an appeal,[11] but a motion for relief from judgment does not.[12] Because a party who files a motion for new trial need not file a notice of appeal until the motion is ruled on, there is no need to provide for a limited remand because the party filing the notice of appeal has made a procedural choice.[13] By filing a notice of appeal prior to the judge's ruling, N.K. effectively nullified the motion for new trial. The first assignment of error is overruled.
 II. Due Process {¶ 10} N.K.'s due process argument in his first assignment of error raises issues that must be addressed under the second assignment, which challenges the sufficiency of the evidence. He claims it was error to prosecute him for sex offenses because he was only ten years old at the time of the incident with C.H., and nine or ten years old at the time of the incidents with A.W. He claims the delinquency prosecution violated both state and federal constitutional due process guarantees, and violated the stated goals and policies of juvenile proceedings as stated in R.C. 2151.01 and Juv.R. 9. Although the significance of R.C. 2151.01
in delinquency proceedings has been reduced by the adoption of R.C. Chapter 2152, Juv.R. 9 remains applicable to all juvenile proceedings, and states that "formal action should be avoided" where possible, and that a complaint should be filed only when it is in the best interest of the child and the public to do so.
 {¶ 11} N.K. cites In re M.D.[14] for the proposition that the delinquency complaint against him violates both Juv.R. 9 and due process. In that case the Ohio Supreme Court found it unconstitutional to charge a twelve-year old with delinquency for her role in a game of "doctor," in which she instructed one five-year old to place his penis in the mouth of another five-year old.[15] The court concluded that the conduct between the two five-year olds could not be considered a rape, and thus the older child could not be considered an accomplice to a nonexistent crime.[16] The court also concluded that, even if the conduct could be considered an offense, the facts distinctly showed that a delinquency complaint was not the proper response. A psychological report on the twelve-year old suggested she was otherwise normal and that the delinquency complaint was harming her relationships within the community rather than assisting her.[17] The Court also noted that a written policy of the Cuyahoga County Juvenile Court stated that sex offense charges were not to be filed in cases where both children were under age thirteen and the sexual conduct did not involve force.[18]
 {¶ 12} Although the In re M.D. Court found a due process violation in the institution of charges under those circumstances, the pursuit of a delinquency complaint under Juv.R. 9 remains a matter for judicial discretion, and we will not find a breach of that policy unless it clearly appears, as in In re M.D., that delinquency charges were unwarranted and antithetical to the child's best interest.[19] Although N.K. suggests that delinquency proceedings based on sex offense charges are never appropriate for a child his age, In re M.D. does not extend that far. The Ohio Supreme Court has approved delinquency proceedings against children under thirteen when the allegations include force or the threat of force,[20] limiting In re M.D. to circumstances involving consensual sexual contact.[21]
 {¶ 13} Furthermore, although In re M.D. involved a twelve-year old alleged delinquent, the sexual conduct in that case took place between two five-year olds, and a judge deciding whether to allow delinquency proceedings to go forward can assess the relative ages of the alleged offender and the victim. R.C. 2152.16(A)(1)(c) omits from its dispositions consensual sexual acts when the offender is younger than the victim, the same age as the victim, or less than three years older than the victim. In this case N.K. was nine or ten years old, and C.H. and A.W. each five years old, at the time of the incidents. As discussed infra, this age difference is significant and, under appropriate circumstances, can justify a complaint and finding of delinquency for sex offenses.
 {¶ 14} Although the complaints and adjudications in this case alleged that N.K. committed rape or gross sexual imposition by having sexual conduct or sexual contact with victims who were under thirteen,[22] the trial of the matter included evidence of force, at least with respect to C.H.N.K. has not objected to the form of the complaint and, therefore, we will consider whether he committed rape or gross sexual imposition by force, as well as whether he committed the offenses merely by engaging in sexual conduct or sexual contact with a victim under thirteen. Because the allegations of force were tried without objection, and because of the difference in age between N.K. and the girls, delinquency proceedings did not violate due process, and the judge did not abuse her discretion in allowing the proceedings to go forward.
 III. Sufficiency and Manifest Weight {¶ 15} N.K. contends that even if the judge had discretion to allow the complaint to go forward, the evidence is inadequate, under one or both standards, to show delinquent acts of sexual conduct with C.H. or sexual contact with A.W. We must address the force question, as well as whether N.K. can be found guilty of rape or gross sexual imposition without the use of force.
 {¶ 16} A delinquency finding requires evidence beyond a reasonable doubt, and we use criminal standards when addressing sufficiency and manifest weight challenges.[23] We address a sufficiency challenge to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[24] A sufficiency challenge presents a question of law and does not allow the reviewing court to weigh the evidence.[25]
The purpose of manifest weight review is to determine "whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction."[26] Instead of looking for legally sufficient evidence, manifest weight review tests whether the verdict is supported by substantial evidence.[27] Although the scope of review broadens, the standard of review is deferential, and we will not reverse unless it appears there has been a miscarriage of justice.[28]
 {¶ 17} C.H. testified that N.K. threatened her by telling her he would tell her friends not to play with her, that he pushed her head down to gain compliance, and that she performed an act of oral sex. These statements, if believed, are sufficient to establish forced sexual conduct. C.H.'s testimony also satisfies the manifest weight standard because, even though the threat of ostracism does not neatly qualify as a threat of force because it is not a physical compulsion, her testimony concerning the threat adds to the credibility of her testimony that N.K. used force by pushing her head.
 {¶ 18} Moreover, even though N.K. argues that C.H.'s young age and the delay in the proceedings impair her credibility, her testimony showed an ability to tell her story without undue influence from questioners. At one point, she corrected a lawyer who misstated her earlier testimony about N.K.'s threats, stating that he did not threaten that he would stop playing with her, but that he would tell her friends not to play with her. In addition, N.K.'s testimony that C.H. suddenly and spontaneously pulled his pants down and committed the act seems unlikely, and further adds to the credibility of the girl's version. Therefore, the judge did not commit manifest error in accepting her testimony as credible.
 {¶ 19} A.W., however, did not testify that N.K. used any force or threat to obtain compliance; she stated that he asked her permission and she gave it. Therefore, there is no evidence of force with respect to A.W., and the gross sexual imposition charge concerning her must be upheld, if at all, on other grounds.
 {¶ 20} We agree that, without more, evidence of consensual sexual contact between two children under age thirteen does not warrant delinquency proceedings against either child.[29] Evidence of force can justify delinquency proceedings, but it is unclear whether proceedings are justified if there is no such evidence. The disposition alternatives in R.C. 2152.16(A)(1)(c) suggest that a delinquency adjudication is appropriate if the offender is at least three years older than the victim, even if there is no evidence of force. Although this statute was not in effect at the time of the incidents in the complaint, it expresses a reasonable policy that can be adopted consistent with In re M.D., which requires case-specific analysis prior to determining whether a delinquency complaint violates due process.
 {¶ 21} In re M.D. does not prevent a judge from determining that children's relative ages make delinquency proceedings appropriate for one and not the other, even though both are under age thirteen. Despite the inherent difficulty that both children could be found guilty of sexual contact with a child under thirteen, the discretion recognized by In reM.D. allows a judge to determine that one child is more culpable and, thus, deserving of prosecution.
 {¶ 22} In this case N.K. engaged in sexual contact with two girls, both age five, when he was age nine or ten, and the evidence showed that he used manipulative threats to obtain compliance from at least one of them. On such facts a judge could find that N.K. was the culprit and that the two five-year olds were victims, based on the children's ages and N.K.'s presumably greater physical and intellectual development.
 {¶ 23} We find that a child under thirteen can be found delinquent for engaging in non-forcible sexual contact with another child under thirteen where, at the time of the offenses, the accused is nine or ten years old, and the victim five years old. Whether delinquency proceedings should go forward remains a matter largely within the judge's discretion, but the guideline should include an assessment of whether the difference in age and mental development made it likely that the accused was capable of using techniques of persuasion that could unfairly manipulate the victim so that the will to resist was overborne.
 {¶ 24} Under these standards we find the evidence was sufficient to allow a finding that N.K. committed an act of gross sexual imposition against A.W. Even though she did not testify that he exerted any manipulative force to gain her compliance, the evidence of his acts with C.H. shows that he was capable of such behavior. Just as an adult criminal action for gross sexual imposition with a child under thirteen does not require specific evidence that the adult unfairly manipulated the victim, no specific evidence is necessary here once the judge determines that the difference in the children's ages and mental developments shows the same basic unfairness that forms the basis of the criminal offense. The evidence of N.K.'s conduct with C.H. can also be used to show the inequality of his relationship with A.W. and, therefore, that his contact with her was culpable.
 {¶ 25} N.K. also claims that the State failed to prove the element of "sexual contact" because it did not show that the contact was "for the purpose of sexually arousing or gratifying" either himself or his victims. We disagree, because the purpose of sexual arousal can be inferred from the facts and circumstances surrounding the conduct,[30]
and N.K.'s age does not automatically rebut that inference. While we agree that the State might not have shown the extent to which N.K. was able to achieve sexual arousal, the evidence sufficiently shows such a purpose. The boy repeatedly engaged in contact with A.W., and forced C.H. into conduct both physically and through psychological manipulation.[31]
This behavior is not consistent with mere curiosity, and the judge was justified in concluding that N.K.'s purpose was sexual.[32] The second and third assignments are overruled.
 IV. Ineffective Assistance of Counsel {¶ 26} An accused juvenile has a constitutional right to counsel,[33] and the same rights to effective assistance of counsel as an adult criminal defendant.[34] To prove ineffective assistance of counsel, a defendant must show that his lawyer's representation fell below reasonable professional standards, and that he was prejudiced as a result.[35] The "professional standards" element normally focuses on whether the lawyer's conduct should be viewed as an error or as a reasonable strategic decision, while prejudice is shown if, but for the lawyer's errors, there is a reasonable probability the outcome of the trial would have been different.[36] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[37]
 {¶ 27} N.K. submits his lawyer erred: (1) by failing to move for dismissal of the proceedings prior to trial; (2) by failing to move for a separation of witnesses at trial; (3) by failing to call social worker Jackie Little as a witness; and (4) by failing to move for dismissal based on the faulty investigation by Cleveland police.
 {¶ 28} Although N.K.'s lawyer could have moved to dismiss the complaint prior to trial, he was not entitled to a dismissal and the judge's finding of delinquency indicates that she would not have used her discretion to grant such a motion. Therefore, N.K. has not shown that the failure to move for dismissal caused prejudice. Second, although the transcript does not contain an express motion for separation of witnesses, neither does it demonstrate that any of the State's witnesses were present during the testimony of prior witnesses.[38] Moreover, portions of the transcript suggest the parties were observing a separation of witnesses because the State requested permission for C.H.'s father, who was not a witness, to be present during her testimony. Without other evidence we will not assume that State's witnesses were present for prior testimony simply because no motion was made on the record[39] and, therefore, this portion of N.K.'s ineffective assistance claim also fails.
 {¶ 29} The third claim of ineffective assistance fails because there is no evidence on this record that Jackie Little's testimony would have aided N.K. His lawyer neither proffered nor presented her testimony, so the ineffective assistance claim requires a resort to evidence outside the record. Without some indication of the content of her testimony we cannot assess whether N.K.'s lawyer acted unreasonably in failing to call her as a witness, nor can we assess what effect her testimony might have had on the outcome. Therefore, this portion of N.K.'s claim is denied.
 {¶ 30} The final claim is that N.K.'s lawyer should have moved for dismissal based on the neglectful and incompetent investigation by the police. He claims that Det. Wheeler's neglect caused a seventeen month delay which allowed evidence to go stale, and that Det. Lessman failed to adequately investigate when he received the case after the lengthy delay. He contends that Det. Lessman did little or no independent investigation, but relied on Ms. Little's reports in referring the matter for prosecution. However, while the irregularities in prosecuting this case cause concern, N.K.'s lawyer raised the issue at trial by arguing that the investigation harmed the credibility of all the State's evidence.
 {¶ 31} Although the lawyer conceivably could have raised the issue in a motion to dismiss, the claims of a botched investigation are reasonably raised in an attack upon the quality of the evidence. N.K.'s lawyer raised the issue, and the judge found the evidence of delinquency credible despite the investigatory irregularities. Therefore, the record does not show that N.K.'s lawyer acted unreasonably in failing to move for dismissal on this issue, nor does it show that N.K. was prejudiced. The fourth assignment is overruled.
 V. Speedy Trial {¶ 32} N.K. claims he was denied his constitutional right to a speedy trial because the delinquency complaint was filed seventeen months after the last act alleged in the complaint. The delay was attributed to the neglect of Det. Wheeler, who was later convicted of, among other things, dereliction of duty.[40] A juvenile does not have a statutory right to a speedy trial,[41] but N.K. claims the constitutional right to speedy trial should apply to juvenile defendants as well as to adult defendants. The right to a speedy trial is inapplicable here because that right applies only after the suspect has been arrested or a complaint has been filed.
 {¶ 33} The right to a speedy trial is a "right of the accused"[42]
and, prior to arrest or the filing of a complaint, N.K. was not an "accused." N.K. was not in custody between the time police were contacted on December 13, 2000, and when the complaint was filed on May 22, 2002 and, therefore, he cannot claim the delay in filing the complaint denied his right to a speedy trial.[43] The issue he raises concerns his state and federal constitutional due process rights to avoid prejudicial delay between investigation and the filing of charges.[44] Such a claim requires a showing of actual prejudice to the defendant, after which the State must show that its delay was justified.[45]
 {¶ 34} Although N.K. has alleged prejudice, the record here is insufficient to show that delay resulted in actual prejudice. Where the record indicates that the complaint was based on investigative reports that are available but have not been made part of the record, we will not assume that the evidence at trial was markedly inconsistent with the evidence gathered in the initial investigation. We overrule the fifth assignment of error.
Judgment affirmed.
 {¶ 35} "I. The Trial Court erred as a matter of law and to the Prejudice of Appellant by failing to dismiss the complaints, sua sponte, and by denying appellant's motion for New Trial/Motion to dismiss complaint — jurisdiction in violation of appellant's right to due process of law as guaranteed by the Fourteenth amendment to the united states constitution and Article I, Section 16 of the constitution of the State of Ohio."
 {¶ 36} "II. The Trial Court erred as a Matter of Law and to the Prejudice of Appellant by denying appellant's motion for Judgment of Acquittal as to Count I and Count II of the complaint pursuant to Crim.R. 29(A) in violation of appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of the State of Ohio."
 {¶ 37} "III. The Judgments of Conviction are against the Manifest weight of the evidence, in violation of Appellant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 38} "IV. The Preparation and Performance of Appellant's Trial Counsel was Deficient and Prejudiced Appellant in such a way as to violate the appellant's rights as guaranteed by the Sixth, Eighth, andFourteenth Amendments to the United States Constitution."
 {¶ 39} "V. The Trial Court committed plain error as a Matter of law and to the prejudice of appellant by failing to dismiss the complaints as appellant was denied his constitutional right to a speedy trial in violation of the Sixth Amendment to the United States Constitution and Article I, Section Ten of the Ohio Constitution."
James J. Sweeney, J., concurs.
Frank D. Celebrezze Jr., J., Concurs in judgment only with Separate Concurring Opinion.
[1] R.C. 2907.02.
[2] R.C. 2907.05.
[3] At the time N.K. was taking medication for childhood schizophrenia, but he has since been re-diagnosed and is receiving different treatment.
[4] Ms. Little is also referred to in the record and briefs as "Jakki" or "Jacqueline." However, she did not testify, nor are her reports part of the record, and her identity is not clear.
[5] Wheeler subsequently pleaded guilty to misdemeanor counts of tampering with records (R.C. 2913.42), attempted forgery (R.C. 2913.31), falsification (R.C. 2921.13), and dereliction of duty (R.C. 2921.44). Cuyahoga Common Pleas No. CR-417646.
[6] (1975), 47 Ohio App.2d 59, 1 O.O.3d 179, 352 N.E.2d 155.
[7] State v. Schultz (Sept. 30, 1988), Lake App. No. 12-1206.
[8] State ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162.
[9] Id.
[10] See, Loc.App.R. 4.
[11] App.R. 4(B)(2).
[12] Colley v. Bazell (1980), 64 Ohio St.2d 243, 245, 18 O.O.3d 442,416 N.E.2d 605.
[13] Fookes v. York-Mahoning Mechanical Contrs., Inc. (Nov. 9, 1999), Mahoning App. No. 98 C.A. 18.
[14] (1988), 38 Ohio St.3d 149, 527 N.E.2d 286.
[15] Id.
[16] Id. at 151-152.
[17] Id. at 153-154.
[18] Id. at 153. There is no evidence in this case that this policy remains in effect.
[19] Cf. In re Smith (1992), 80 Ohio App.3d 502, 505, 609 N.E.2d 1281
(judge had discretion to order dismissal, even though appellate court believed facts would support delinquency proceedings).
[20] In re Washington, 75 Ohio St.3d 390, 1996-Ohio-186,662 N.E.2d 346.
[21] Id.; In re Felver (Apr. 10, 2002), Auglaize App. No. 2-01-20.
[22] The complaint alleged two counts of rape under R.C.2907.02((A)(1)(b); the adjudication found he committed two acts of gross sexual imposition under R.C. 2907.05(A)(4).
[23] In re Eric B. (Oct. 26, 2001), Huron App. No. H-01-019.
[24] (Emphasis sic.) State v. Stallings, 89 Ohio St.3d 280, 289,2000-Ohio-164, 731 N.E.2d 159 (quoting Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560).
[25] State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 415,485 N.E.2d 717.
[26] State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-533,702 N.E.2d 866.
[27] Id.
[28] Id. at 194.
[29] In re M.D., supra.
[30] State v. Collins, Cuyahoga App. No. 82200, 2003-Ohio-4817, at ¶ 11.
[31] Although the definition of "sexual conduct" does not require a purpose to arouse, N.K.'s conduct with C.H. can also be used as evidence that his intent with A.W. had a sexual purpose.
[32] See In re Felver, supra (suggesting that contact accompanied by threats of violence can be considered sexual, even when the perpetrator is nine years old).
[33] In re Gault (1967), 387 U.S. 1, 41, 87 S.Ct. 1428,18 L.Ed.2d 527.
[34] In re Dunham (Nov. 7, 1997), Hamilton App. Nos. C-960399, C-960400.
[35] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Johnson, 88 Ohio St.3d 95, 108,2000-Ohio-276, 723 N.E.2d 1054.
[36] Strickland, 466 U.S. at 687-94.
[37] Id. at 694.
[38] Excluding Det. Lessman, who acted as the State's representative at the prosecutor's table.
[39] State v. Stojetz, 84 Ohio St.3d 452, 462, 1999-Ohio-464,705 N.E.2d 329.
[40] Cuyahoga Common Pleas No. CR-417646.
[41] In re Corcoran (1990), 68 Ohio App.3d 213, 218, 587 N.E.2d 957.
[42] Barker v. Wingo (1972), 407 U.S. 514, 519-521, 92 S.Ct. 2182,33 L.Ed.2d 101.
[43] United States v. Lovasco (1977), 431 U.S. 783, 788-789,97 S.Ct. 2044, 52 L.Ed.2d 752; State v. Fallat, Cuyahoga App. No. 81073, 2003-Ohio-169, at ¶ 16.
[44] Id., at ¶ 18-19.
[45] State v. Whiting, 84 Ohio St.3d 215, 217, 1998-Ohio-575,702 N.E.2d 1199; Lovasco, 431 U.S. at 789-790.