JOURNAL ENTRY and OPINION
{¶ 1} A municipal court jury found defendant Cynthia Kline guilty of aggravated disorderly conduct in violation of Cleveland Municipal Ordinance No. 605.03(A)(1) in Case No. 2004 CRB 34647 and disorderly conduct in violation of Cleveland Municipal Ordinance No. 615.08 in Case No. 2004 CRB 34649. In this appeal, she challenges the weight and sufficiency of the evidence, the validity of the jury instructions, and the effectiveness of trial counsel. Unfortunately, we lack a final order in the case because the court did not rule on Kline's pending motion for a new trial.
 {¶ 2} App.R. 4(B)(3) states, "[i]n a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered." "A notice of appeal is premature in a criminal case when a motion for a new trial is still pending, and the notice of appeal does not confer jurisdiction upon the Ohio Court of Appeals." Dayton v. Huber, Montgomery App. No. 19838,2003-Ohio-6667 at ¶ 5, citing State v. Soward (1975),47 Ohio App.2d 59, 60.
 {¶ 3} The jury returned its verdicts on May 20, 2005 and the court scheduled sentencing on June 7, 2005. Kline represents that she filed a motion for new trial pursuant to Crim.R. 33 on June 3, 2005. The record does not contain this motion, but the certified copy of the journal of the proceedings from the court in Case No. 2004 CRB 34649 shows a June 7, 2005 entry mentioning "defendants [sic.] motion for a new trial pursuant to Crim.R. 33 and or to set aside verdict." At any rate, the court sentenced Kline on June 7, 2005. Kline then filed a supplement to her motion for a new trial on June 23, 2005. That motion complained that the instructions given to the jury were erroneous as a matter of law. The court did not rule on this "supplement."
 {¶ 4} We might be inclined to consider the June 3, 2005 motion for a new trial to have been tacitly overruled when the court proceeded to sentencing. See State v. Olah,146 Ohio App.3d 586, 592, 2001-Ohio-1641. However, the June 23, 2005 "supplement" to the original motion to dismiss certainly revived the substance of the first motion, regardless of whether the court ruled on it before sentencing. In fact, the supplement to the motion for a new trial arguably constituted a separate motion for a new trial, particularly in light of the original motion not being contained in the record. Moreover, the detail which the "supplement" provides in support of the motion for a new trial suggests to us that the matter contained therein had not been raised in the original motion. At all events, the court's failure to rule on the June 23, 2005 supplement meant that the time in which to appeal under App.R. 4(B)(3) did not begin to run. This renders the notice of appeal premature and deprives us of jurisdiction.
Appeal dismissed.
This appeal is dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and Rocco, J., concur.