{¶ 1} Defendant-appellant, Peter Turner, appeals from a July 17, 2006 judgment of the Cleveland Municipal Court, finding him guilty of inciting to violence and sentencing him. We dismiss the appeal as being premature.
 {¶ 2} In October 2005, the city of Cleveland filed a complaint against Turner for inciting to violence, in violation of R.C. 2917.01(A), a first degree misdemeanor, and for assault, in violation of Cleveland Codified Ordinance ("CCO") 621.03, also a first degree misdemeanor. Turner made his first appearance and entered a plea of not guilty to the charges. The case proceeded to a jury trial on June 1, 2006.
 {¶ 3} Both parties assert in their briefs that when the state rested, Turner orally moved for an acquittal on both counts. However, the official excerpts of the transcript that we have on appeal have only the testimony of the witnesses. *Page 3 
Therefore, Turner's oral motion for a Crim.R. 29 acquittal is not in the record on appeal, nor is the trial court's oral ruling on it. There is a docketed journal entry, however, ordering that the "Rule 29" motion was granted with respect to the assault charge on June 5, 2006.
 {¶ 4} The following day, on June 6, 2006, the jury found Turner guilty of inciting to violence. The trial court set the sentencing hearing for July 17, 2006.
 {¶ 5} On June 16, 2006, Turner filed a written Crim.R. 29 motion for acquittal or, alternatively, a Crim.R. 33 motion for new trial.
 {¶ 6} The trial court's docket, certified by the clerk as the official docket, reflects that Turner was sentenced on July 17, 2006. According to the docket, he was ordered to pay a $1000 fine, $500 of it was suspended; he was ordered to serve one hundred eighty days in jail, with one hundred eighty days suspended; and he was placed on probation for one year. The docket also indicates that on July 18, 2006, Turner's Crim.R. 29 motion and his motion for new trial were denied.
 {¶ 7} Turner filed his notice of appeal on July 20, 2006. In it, he specified that he was appealing "from the judgment of conviction entered on July 17, 2006 and received for filing in the clerk's office on[ .]" Turner did not indicate what date the judgment was received for filing in the clerk's office. Under App.R. 4(A), "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *." Further, Turner's Praecipe, filed *Page 4 
pursuant to Loc.App.R. 9, states that the date of the final judgment appealed from was July 17, 2006.
 {¶ 8} However, the July 17, 2006 journal entry purportedly sentencing Turner is not physically in the file on appeal, nor is the purported July 18, 2006 journal entry denying Turner's motions for acquittal and new trial. The "Pagination" from the clerk, numbering original documents comprising the record, also verifies that there is no journal entry in the file that is dated July 17, 2006 or July 18, 2006. See App.R. 10(B) (requiring the clerk of the trial court to number the official documents in the record before transmitting it to the appellate court for purposes of appeal). Document number twenty-three, dated July 12, 2006, is Turner's reply to the city's memorandum in opposition to his motions. The following document, number twenty-four, is Turner's motion to stay his sentence pending appeal, dated July 20, 2006. Thus, missing from the record are signed entries by the judge, with the time-stamped journalized date, sentencing Turner and denying his motions for acquittal and new trial.
 {¶ 9} Both Turner and the city state in their briefs that Turner was sentenced on July 17, 2006, and that the trial court denied Turner's motion for a new trial at that sentencing hearing. However, we do not have a transcript of that proceeding on appeal. Even if we did, it is axiomatic that a court speaks through its docket and its journal entries and not by oral pronouncement. Oney v. Allen (June 7, 1988),39 Ohio St.3d 103, 107, citing Indus. Comm. v. Musselli (1921), 102 Ohio St. 10. *Page 5 
 {¶ 10} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Crim.R. 33(C). Further, Crim.R. 33(C) mandates that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." And "[a] judgment is effective only when entered on the journal by the clerk." Id.
 {¶ 11} Crim.R. 55(A) further requires the clerk to chronologically note in the docket all "process issued and returns, pleas and motions, papers filed in the action, orders, verdicts and judgments." In addition, the notations should be brief, "but shall show the date of filing and substance of each order, verdict and judgment." Id.
 {¶ 12} Municipal Court Superintendence Rule 7 provides that:
 {¶ 13} "The judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be journalized within thirty days of the judgment. If such entry is not prepared and presented for journalization by counsel, it shall be prepared by the court and filed with the clerk for journalization."
 {¶ 14} Furthermore, in accordance with the Criminal Rules of Procedure, this court's local rules require that the clerk of courts ensure that "in transmitting the record, the trial court shall * * * [ascertain that the journal entries have been signed by the judge and file-stamped by the trial court clerk[.]" Loc.App.R. 9(D). Thus, the local rules, together with the Criminal Rules and the Rules of Superintendence, require that, to constitute a judgment in a criminal case, there must be: (1) a written entry signed by the judge, setting forth the plea, the verdict or findings, and *Page 6 
sentence; (2) such written entry must be filed with the clerk for journalization; and (3) such judgment, evinced by the written entry, must be entered by the clerk on the docket.
 {¶ 15} Thus, we must conclude that there is no final appealable order in the case sub judice. The entry Turner appealed, although docketed, is not in the record on appeal.[1]
 {¶ 16} We further note that there is no trial court order denying Turner's motion for a new trial.
 {¶ 17} A relevant exception to the time restraints under App.R. 4(A), that a party shall file the notice of appeal within thirty days of the order appealed, states: "[i]n a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered. * * *" App.R. 4(B)(3).
 {¶ 18} Therefore, even if we had the sentencing entry on appeal, Turner's appeal time would not have begun to run and his notice of appeal would not have invoked the jurisdiction of this court. Since the record before this court reflects that *Page 7 
the trial court has yet to rule upon appellant's motion for new trial, we would not have jurisdiction to review the matter until the trial court resolved the motion for a new trial and Turner timely appealed.State v. Soward (Dec. 4, 1975), 47 Ohio App.2d 59, 60.
 {¶ 19} As such, Turner's appeal is premature and is hereby dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were not reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and ANN DYKE, J., CONCUR
[1] Attached to his notice of appeal, Turner included a certified copy of an entry that was signed by the judge and dated July 17, 2006, sentencing Turner. However, that does not change the fact that the signed, written entry is still not in the record on appeal. A copy of an entry that is attached to an appellant's notice of appeal is not part of the official record. *Page 1