JOURNAL ENTRY AND OPINION
{¶ 1} Charles Eungard ("Eungard") appeals from his sentence received in the Cuyahoga County Court of Common Pleas. Eungard claims the trial court lacked jurisdiction to increase his term of incarceration after he failed to turn himself in by the court-ordered deadline. The State of Ohio concedes Eungard's appeal. For the following reasons, we vacate the imposed sentence and remand for resentencing. *Page 3 
 {¶ 2} This cause is an accelerated appeal. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part:
 "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be made by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 4} On August 1, 2006, Eungard pleaded guilty to permitting drug abuse, and the trial court sentenced him, on that date, to six months of incarceration and three years of postrelease control. However, the trial court permitted Eungard to get his affairs in order and allowed him until August 31, 2006, to turn himself in to the Cuyahoga County Sheriff. When Eungard failed to turn himself in by August 31, 2006, the trial court vacated the imposed sentence and resentenced Eungard to ten months of incarceration and three years of postrelease control. Eungard appeals from this increased sentence.
 {¶ 5} Eungard's first assignment of error, which challenges the court's authority to increase his sentence, is sustained. A trial court cannot reconsider a valid final judgment in a criminal case. State exrel. White v. Junkin (1997), 80 Ohio St.3d 335. Crim.R. 32(C) provides that a judgment becomes final when the trial court reduces it to writing and the clerk of courts enters it on the journal. *Page 4 
 White, 80 Ohio St.3d at 337; State v. Turner, Cuyahoga App. No. 88489,2007-Ohio-3264.
 {¶ 6} In the present case, the court's journal entry of August 1, 2006, does not provide that in the event Eungard fails to turn himself in that he would face a more severe prison sentence. A court speaks through its journal entry and, therefore, the trial court was not permitted to revisit the final judgment entered on August 1, 2006. See,Turner, supra; Crim.R. 32(C).
 {¶ 7} Eungard's sole assignment of error is sustained. The imposed sentence of ten months is vacated and the matter is remanded for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCUR *Page 5 
 Appendix A
Assignments of Error:
"I. The trial court erred when it vacated the sentence portion of the August 1, 2006, and increased appellant's term of imprisonment." *Page 1