[Cite as *State v. Contini*, 2018-Ohio-4317.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2018CA00084 |
| | : | |
| AMBER L. CONTINI | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
                                  Court, Case No. 2018 TRC 2820


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:           October 22, 2018


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

BEAU D. WENGER                             AMBER L. CONTINI, PRO SE
CANTON LAW DEPARTMENT                      514 Seneca Ave. SW
218 Cleveland Ave. SW                      New Philadelphia, OH 44663
Canton, OH 44702

*Delaney, J.*

{¶1} Appellant Amber L. Contini appeals from the June 6, 2018 judgment entry of conviction and sentence of the Canton Municipal Court. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The instant case began with the filing of a Uniform Traffic Ticket (UTT) on April 9, 2018. The UTT cited appellant for violations which occurred on October 5, 2017, including: OVI pursuant to R.C. 4511.19(A)(1)(a), OVI pursuant to R.C. 4511.19(A)(2), and divided highways. The UTT states appellant was convicted of OVI in 2003, 2004, and 2010. The BMV 2255 form accompanying the UTT states the trooper's grounds for arrest included a strong odor of an alcoholic beverage, "admission," "red/glassy eyes," and poor performance on standardized field sobriety tests (SFSTs). Appellant refused to submit to a chemical test on October 15, 2017, and she was placed on an administrative license suspension (ALS) pursuant to R.C. 4511.191.

{¶3} Appellant entered counseled pleas of not guilty and demanded trial by jury. On April 10, 2018, appellant's counsel waived her right to a speedy trial.

{¶4} Appellant filed a motion to suppress, arguing her arrest was not supported by probable cause because the trooper did not properly administer the SFSTs and failed to Mirandize appellant prior to her statements. The matter was scheduled for a suppression hearing on May 1, 2018, and appellant filed a motion to continue the hearing date. The trial court overruled the motion to continue.

{¶5} On May 1, 2018, appellant filed a motion to dismiss, arguing her right to a speedy trial was violated.

{¶6} The motion states that appellant was first cited on the date of arrest: October 15, 2017, docketed as Canton Municipal Court case number 2017 TRC 8205. The matter proceeded to a jury trial date of December 19, 2017, at which time appellee filed a motion to continue the trial. The trial court overruled the motion to continue, and appellee moved to dismiss the case without prejudice. On December 22, 2017, appellant objected to appellee's motion to dismiss, and moved to dismiss the matter with prejudice. The same day, the trial court granted appellee's motion to dismiss without prejudice and overruled appellant's objection and motion. Case number 2017 TRC 8205 was therefore dismissed.

{¶7} The matter was refiled with the UTT dated April 9, 2018, and docketed as Canton Municipal Court case number 2018 TRC 02820. Appellant argued the refiled case must be dismissed because appellee demonstrated an insufficient basis to dismiss the original case without prejudice.[1] The motion argues:

> * * * *.
>
> The prosecutor in this case incorrectly filed the motion to dismiss. Pursuant to R.C. 2941.33, the motion must be made for good cause. The prosecutor did not have good cause to dismiss the case, the prosecutor simply didn't show up for trial (*sic*). The prosecutor waited until the day of trial to make the motion, and only made the motion because her motion to continue the trial was

---

[1] Appellee's motion to dismiss case number 2017 TRC 8205 moves to dismiss the matter without prejudice and states, "The State of Ohio makes a request to dismiss the charge in the above captioned case as it is under further review by the Prosecutors Office."

denied. Because the prosecutor's motion was made without any good cause shown for the motion, the motion to dismiss was void.

\* \* \* \*.

{¶8} Appellant argued, therefore, the void motion to dismiss did not toll the speedy-trial clock and case number 2018 TRC 02820 should be dismissed because appellee attempted to try appellant in excess of 90 days. The motion further argues appellant "had no choice" but to file a time waiver in the instant case because the trial court scheduled her jury trial too quickly and "[appellant] is employed full-time, is a single mother, and could not possibly attend the trial less than seven days after being re-charged, let alone be adequately prepared."

{¶9} On May 1, 2018, the trial court granted appellee's oral motion to continue the suppression hearing due to the unavailability of the arresting officer. Appellant objected.

{¶10} The trial court scheduled appellant's motion to dismiss and her objection to the continuance for hearing on May 8, 2018, the same day as the suppression hearing.

{¶11} On May 7, 2018, appellant's retained counsel[2] filed a motion to withdraw. The motion was granted on May 8, 2018.

{¶12} On May 14, 2018, new retained counsel[3] entered an appearance and filed, e.g., a demand for discovery. On May 15, 2018, counsel filed a jury demand and time waiver. A pretrial was scheduled for May 29, 2018, and jury trial for June 6, 2018.

---

[2] Attorney Maxwell R. Hiltner.
[3] Attorneys Eric C. Nemecek, Ian N. Friedman, and Brad S. Wolfe.

{¶13} On May 29, 2018, appellant's trial counsel filed a "Supplemental Motion to Dismiss," arguing, again, her right to a speedy trial was violated because the trial court improperly granted appellee's motion to dismiss the original case without prejudice. The trial court scheduled a hearing on appellant's motion for May 30, 2018, and on that date, overruled the supplemental motion to dismiss.

{¶14} On June 6, 2018, appellant appeared before the trial court and entered a plea of no contest to an amended charge of OVI pursuant to R.C. 4511.19(A)(1)(a) as a second offense. The trial court sentenced appellant to, e.g., a license suspension of one year.

{¶15} On June 20, 2018, appellant filed a motion for credit for the ALS against the judicial suspension and the trial court scheduled the matter for hearing on June 26, 2018. Pursuant to appellant's motion to continue, the hearing was rescheduled for July 25, 2018.

{¶16} On July 5, 2018, appellant filed a "Notice of Voluntary Withdrawal of Request for Limited Driving Privileges."

{¶17} Also on July 5, 2018, appellant filed a pro se notice of appeal from the trial court's May 30, 2018 judgment entry overruling the supplemental motion to dismiss and the June 6, 2018 judgment entry of conviction and sentence.

{¶18} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶19} "I.    THE TRIAL COURT ERRED IN ITS DECISION THAT THE DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHTS TO BOTH A SPEEDY TRIAL AND A FAIR TRIAL HAD NOT BEEN VIOLATED.  THEREFORE, THE TRIAL

COURT ERRED IN DENYING BOTH THE DEFENDANT-APPELLANT AMBER L. CONTINI'S MOTION TO DISMISS OF MAY 1, 2018 AND MISS CONTINI'S SUPPLEMENTAL MOTION TO DISMISS OF MAY 29, 2018."

{¶20} "II. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT AMBER L. CONTINI TO SERVE A ONE (1) YEAR LICENSE SUSPENSION BUT FAILED TO APPLY CREDIT TOWARD SAID JUDICIAL SUSPENSION FOR THE ADMINISTRATIVE LICENSE SUSPENSION THAT HAD STILL BEEN IN EFFECT UNTIL THE DAY OF SENTENCING."

{¶21} "III. THE ORIGINAL PROSECUTOR COMMITTED PROSECUTORIAL MISCONDUCT WHEN SHE KNOWINGLY MADE A MISREPRESENTATION TO THE TRIAL COURT AND DELIBERATELY DELAYED PROCEEDINGS THAT RESULTED IN PREJUDICE TO DEFENDANT-APPELLANT AMBER L. CONTINI AND DENIED MISS CONTINI OF A FAIR TRIAL."

**ANALYSIS**

I., III.

{¶22} In her first and third assignments of error, appellant argues the trial court erred in overruling her motions to dismiss and that the prosecutor committed prosecutorial misconduct in moving to dismiss the original case. We disagree.

{¶23} We begin by noting appellant waived time—twice--in the instant case [2018 TRC 02820]. The record does not reflect that the time waivers were not "voluntary." See, *State v. Madhobe*, 5th Dist. Stark No. 2002CA00230, 2003-Ohio-1793, ¶ 19.

{¶24} Nevertheless, her first and third assignments of error are premised upon her claims that the prosecutor misrepresented the reason for dismissing the first case

[2017 TRC 8205], thus the trial court should not have granted the motion to dismiss without prejudice; and that erroneous decision resulted in a violation of appellant's right to a speedy trial in the instant case. We disagree.

{¶25} A trial court's decision to grant or deny a prosecutor's request to dismiss a charge is reviewed for an abuse of discretion. *See State v. Mucci*, 150 Ohio App.3d 493, 2002-Ohio-6896, 782 N.E.2d 133, ¶ 30 (7th Dist.). An abuse of discretion requires trial court action that is unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶26} Crim.R. 48(A) provides, "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." A trial court should grant the state's motion for a dismissal if the request meets the good cause and open court requirements of Crim.R. 48(A). *See Newark v. Williams*, 5th Dist. Licking No. 00–CA–68, 2001 WL 1783087, *3 (Mar. 6, 2001), citing *State v. Sutton,* 64 Ohio App.2d 105, 411 N.E.2d 818 (9th Dist.1979). "Good cause," has been defined as "a substantial reason and one that affords a legal excuse." *State v. Daniels*, 1st Dist. Hamilton No. C-170145, 2018-Ohio-1701, --N.E.3d--, ¶ 19, citing *State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988). The requirement of "good cause" requires "more than a cursory recitation that good cause exists[.]" *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 51, 613 N.E.2d 1079 (8th Dist. 1992).

{¶27} In the instant case, it is not possible for us to determine whether the trial court abused its discretion with regard to appellee's motion to dismiss case number 2017 TRC 8205, much less that the prosecutor committed any act of misconduct. We therefore

cannot determine on this record that the trial court should have granted appellant's motions to dismiss the instant case, 2018 TRC 02820.

{¶28} Regardless of any legal merit of appellant's arguments, the appellate record does not support appellant's premise that the first OVI case was improperly dismissed without prejudice. See, *State v. Li*, 2nd Dist. Greene No. 96 CA 162, 1997 WL 705495, *1–2, appeal not allowed, 81 Ohio St.3d 1467, 690 N.E.2d 1287 (1998). Appellant bears the burden of showing error by reference to matters in the record. Our review of the record is limited to the original papers and exhibits filed in the trial court. App.R. 9(A). Appellant has not filed a transcript or record of proceedings in the underlying case, *see* App.R. 9(B)(3), and the record before this court concerns only case number 2018 TRC 02820. (Instead, appellant has attached copies of motions from 2017 TRC 8205 as an appendix to her brief.) It is the appellant's duty to transmit the record on appeal, including the transcript necessary for the determination of the appeal. App.R. 10(A). If no transcript is available, then it is appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C).

{¶29} It is not possible for us to determine whether the trial court properly granted dismissal of the first case, nor is the record of any alleged prosecutorial misconduct properly in the appellate record. In *State v. Untied,* 5th Dist. Muskingum No. CT97–0018, 1998 WL 401768, *8 (Mar. 5, 1998), we noted appellate review contemplates that the entire record be presented and if portions of the transcript necessary to resolve issues are not included, we must presume regularity in the trial court proceedings and affirm. *State v. Hughes*, 5th Dist. No. 15CA0008, 2016-Ohio-880, 60 N.E.3d 765, ¶ 35.

{¶30} We may not speculate as to the proceedings in the trial court in case number 2017 TRC 8205, and given the state of the record, we must presume the trial court acted correctly in granting the dismissal without prejudice. *See, State v. Carr*, 7th Dist. Mahoning No. 01 CA 162, 2003-Ohio-331, ¶ 25.

{¶31} Appellant's first and third assignments of error are therefore overruled.

II.

{¶32} In her second assignment of error, appellant argues the trial court should have credited the administrative license suspension against her judicial suspension. We do not have jurisdiction to consider this assignment of error because appellant filed her notice of appeal absent any ruling upon the motion by the trial court.

{¶33} If a notice of appeal is filed while a motion is still pending, in that the trial court has yet to deny the motion, the notice of appeal is considered premature and does not impose jurisdiction upon an Ohio appellate court. *Dayton v. Huber,* 2nd Dist. Montgomery No. 19838, 2003-Ohio-6667, at ¶ 5, citing *State v. Soward*, 47 Ohio App.2d 59, 60, 352 N.E.2d 155 (8th Dist.1975). It is premature for us to rule on the assignment of error since the trial court has not ruled on the motion in the first instance. *State v. Morgan*, 8th Dist. Cuyahoga No. 87793, 2007-Ohio-398, ¶ 12, citing *Midwest Flooring & Lining, Inc. v. Express Painting Corp.,* 5th Dist. Stark No. 2001 CA00353, 2002-Ohio-2564.

{¶34} Relative to appellant's second assignment of error, she filed the motion for credit for the ALS on June 20 and the notice of appeal on July 5. The trial court has not ruled upon the motion and we are without jurisdiction to consider appellant's argument. *State v. Marcoff*, 8th Dist. Cuyahoga No. 92698, 2010-Ohio-69, ¶ 6. (We also note, again,

appellant's argument is dependent upon her statements regarding the trial court's actions in 2017 TRC 8205, which is not in the record.)

{¶35} Appellant's second assignment of error is therefore overruled.

## CONCLUSION

{¶36} Appellant's three assignments of error are overruled and the judgment of the Canton Municipal Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.