**In re SMITH.**

[Cite as *In re Smith* (1992), 80 Ohio App.3d 502.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910538.

Decided June 3, 1992.

*Arthur M. Ney, Jr.,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellant state of Ohio.

*Geoffrey P. Damon,* for appellee Christopher Thomas Smith.

*Per Curiam.*

The state appeals from the juvenile court's dismissal of a delinquency rape charge against a ten-year-old boy. In its two assignments of error the state argues: (1) the juvenile court improperly imposed a pretrial burden of proof on the state where a juvenile under the age of fourteen was charged with rape, and (2) the juvenile court erred in dismissing the rape charge. Because we conclude that the juvenile court did not abuse its discretion in dismissing the complaint, we affirm the dismissal.

I

On July 16, 1990, the state filed a complaint against Christopher Thomas Smith in the juvenile court alleging that Smith, a ten-year-old boy, was a delinquent child pursuant to R.C. 2151.02 because he engaged in sexual conduct with a girl less than thirteen years of age.[1]

After a psychological evaluation was performed and a competency hearing was held before a referee, the referee concluded that Smith was competent to stand trial. The juvenile court judge overruled objections filed to the referee's report and set the matter for an adjudicatory hearing.

Smith filed a motion to dismiss the complaint, and a hearing was conducted before a referee to consider the motion.[2] The referee recommended that the motion be overruled and that a preliminary hearing be held to determine whether the case should progress on the charge of rape. Relying on *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, the referee concluded that the case should proceed only if the state established at the hearing that Smith, due to his age, was capable of the sexual conduct alleged and that proceeding would further the purposes and policies of the juvenile law as reflected in R.C. Chapter 2151.

The state filed objections to the referee's report, arguing, as it does here, that the referee committed error in requiring the state to rebut the presumption, traditionally recognized in Ohio, that a juvenile under the age of fourteen is incapable of committing rape, by offering evidence that the juvenile has reached the age of puberty. The juvenile court filed an entry adopting the referee's report in part and rejecting the report in part. The court concluded that in light of *In re M.D.*, the referee had not erred in recommending that a

---

1. The case summary sheet filed with the complaint alleged that the victim was one and one-half years old.

2. We note that the record certified to this court for review did not contain a transcript of the hearing before the referee regarding the motion to dismiss.

pretrial hearing be held where the state would have the opportunity to establish the reasonableness of the filing consistent with public policy and to rebut the presumption of incapability. Nevertheless, the court rejected the referee's recommendation that the motion to dismiss be overruled stating:

"However, an examination of the complaint, police reports, clinical evaluation, and legal memorandum in this particular case, requires that the defendant's motion to dismiss should be granted. The alleged incident occurred a year ago when the defendant was 10 years old. The psychiatric evaluation reports the defendant's rudimentary understanding of sexual concepts. The police report indicates that the defendant was implicated by the 10 year old co-defendant.

"Therefore, under the circumstances of this particular case, the report of the referee is adopted in part and rejected in part. This case is dismissed."

The state appealed from the dismissal pursuant to R.C. 2945.67. We shall consider the state's two assignments of error together.

## II

■ We conclude that the referee and the juvenile court improperly relied on dicta from *In re M.D., supra.* However, we do not think that the juvenile court abused its discretion when it rejected the referee's recommendation and dismissed the complaint.

*In re M.D., supra,* involved a charge that a female juvenile engaged in conduct amounting to complicity to rape in the form of fellatio. Defense counsel moved to dismiss the charge, alleging that the prosecution of a twelve-year-old for "playing doctor" was unconstitutional and contrary to R.C. Chapter 2151. The court of appeals affirmed the adjudication of delinquency, "holding that appellant had raised for the first time on appeal the issue of the constitutionality of applying the rape statute to children under the age of thirteen, and had thus waived such challenge." *In re M.D., supra,* 38 Ohio St.3d at 150, 527 N.E.2d at 287. In reversing the judgment, the Supreme Court stated the law in the following syllabus:

"The waiver doctrine in *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, is discretionary. Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it."

Obviously, that law has only a tangential relevance to the case we review.

In its opinion, however, the Supreme Court noted further that R.C. 2923.-03(C) provides that no person shall be convicted of complicity unless an

offense is actually committed. In the absence of a statutory definition of "fellatio," the Supreme Court used the dictionary definition as contained in Webster's Third New International Dictionary (1986) 836. The Supreme Court observed that the record demonstrated "neither an element of sexual satisfaction nor of oral stimulation[,]" and concluded that fellatio had not occurred to which M.D. could be a complicitor. *Id.* at 152, 527 N.E.2d at 289.

The court further concluded that "[e]ven assuming, however, given the paucity of the record before us, that the conduct here technically involved a 'rape' as that term is statutorily defined, we hold that prosecution of M.D. under these circumstances violates the underlying public policy of this state as expressed in R.C. Chapter 2151 and the Rules of Juvenile Procedure." *Id.* at 152–153, 527 N.E.2d at 289.

Therefore, in view of R.C. 2503.20 and Sup.Ct.R.Rep.Op. 1(B), and the fact that *In re M.D., supra,* is an opinion authored by Justice Holmes and not a *per curiam* opinion, only the syllabus states the controlling point of law decided in the case. Further, the case is factually distinguishable from the case at bar. In our judgment, both the referee and the juvenile court erroneously gave dispositive weight to the reasoning and rationale of *In re M.D.*

■ We are not convinced, however, that this case turns, as the state argues, on a consideration of the common-law presumption that a boy under the age of fourteen is incapable of committing rape, rebuttable upon proof that the boy has reached the age of puberty. We conclude that the juvenile court's decision in the case at bar rested, despite some imprecise language in its entry, upon the court's conclusion that continuing the prosecution of the delinquency rape charge against Smith would not further the policies of this state as expressed in the Juvenile Code and the Rules of Juvenile Procedure. The juvenile court was entitled to review the appropriateness of filing the complaint against Smith during the initial intake of the juvenile into the juvenile court system, while keeping in mind that formal action before the juvenile court should be a last resort in dealing with juvenile problems. See R.C. 2151.01; Juv.R. 1 and 9.

Had we been sitting as the juvenile court, we would have been inclined to approve the recommendation of the referee that a preliminary hearing be held to determine whether the matter should proceed on the charge of rape or be diverted for treatment or amended to a more appropriate charge. Such a hearing would best protect the interests of the child and the community, in our view. However, we do not think that the juvenile court abused its discretion in concluding that those interests would best be served by dismissing the complaint without holding another hearing. See *Ruwe v. Bd. of*

*Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 29 OBR 441, 505 N.E.2d 957 (an abuse of discretion is "more than error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable").

The dismissal of the complaint by the juvenile court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ., concur.