{¶ 40} While I concur with the opinion of the majority, I feel compelled to write separately to highlight the troublesome nature of this case. The central issue is whether prosecution of a 10-year-old boy for rape and/or gross sexual imposition violates his right to due process. There is a definite distinction between children "playing doctor" and one child forcibly penetrating another child for the purpose of achieving sexual gratification. In In Re M.D. (1988), 38 Ohio St.3d 149, the Ohio Supreme Court held that a 12-year-old girl's due process rights were violated when she was charged with complicity to commit rape as a result of directing a five-year-old boy to place his penis in the mouth of a five-year-old female while "playing doctor" because there was not, nor could there be, any intent to engage in sexual conduct, nor could "sexual gratification" be obtained from the act; thus, a completed rape could not take place.
 {¶ 41} However, in In Re Washington (1996), 75 Ohio St.3d 390, the court abolished the previous common law rule that a child under the age of 14 was physically incapable of committing rape. The 12th District confronted this issue in In Re Randall Carter (March 11, 1996), Butler App. No. CA95-05-087. There the court found that, pursuant to Juv.R. 9, it is within the court's discretion whether to prosecute children under the age of 13 for rape and that an adjudication of delinquency could be upheld in such a case. Thus, it is clear that Ohio juvenile courts enjoy discretion under Juv.R. 9 as to whether to prosecute these types of cases. Juvenile courts are free to dismiss these cases on public policy grounds; however, convictions of children under the age of 13 can withstand a due process challenge. In Re Smith (1992), 80 Ohio App.3d 502;In Re Frederick (1993), 63 Ohio Misc.2d 229.
 {¶ 42} I am troubled, however, with the practice of charging such young children with rape and/or gross sexual imposition. While technically this adjudication and disposition may legally be upheld, I am extremely concerned about setting a precedent of allowing very young children to be routinely prosecuted for rape where, in actuality, a more innocent activity between curious children may in fact be taking place, or worse, an abused child may be crying out for help through inappropriately sexualized behavior. However, the trial court is in the best position to determine the credibility of witnesses and whether such was the case here. Yet I would note that the Juvenile Rules allow courts to employ broad discretion in the handling of these cases, and I must wonder whether an adult-like trial proceeding is the best way to serve the interests of five and ten-year-old children.
 {¶ 43} While there is no error present in the case at bar that would strictly warrant reversal, I would caution the juvenile court to view subsequent cases in which pre-pubescent children are charged with serious sexual offenses with the utmost scrutiny. Juvenile court is, ostensibly, designed to provide a more informal forum than exists in adult court to deal with juvenile crime; its goals should be to protect children and to serve the best interests of both child victims and child offenders, especially where there is evidence that the offender has himself been victimized in the past.
 {¶ 44} Hopefully, the adjudication of delinquency and the disposition imposed by the trial court will help the child offender obtain the psychological help that he needs. If not, young N.K. has been stigmatized too early as a serious sex offender and justice has not been served for any of the children involved in this case, now or in the future.