OPINION
{¶ 1} Appellant-complainant, Michael Brant, appeals the September 14, 2004 judgment entry of the Ashtabula Court of Common Pleas, Juvenile Division, dismissing his complaint against his daughter, Ashley Brant, as an alleged unruly child. For the following reasons, we affirm the decision of the lower court.
 {¶ 2} Michael Brant was granted permanent custody of Ashley Brant, born May 5, 1988, through the decree of divorce terminating his marriage to Bonnie Brant issued by the Summit County Court of Common Pleas. Since August 1999, Ashley has resided with Michael in Ashtabula County.
 {¶ 3} On June 18, 2004, Michael filed a Verified Complaint alleging Ashley to be "an unruly child pursuant to Ohio Revised Code § 2151.022 inasmuch as she does not submit to reasonable control of her parent by reason of being wayward or habitually disobedient." Also, on June 18, 2004, Michael filed a Motion to Limit Parental Involvement Based on Contributing To the Unruliness of a Minor Child. In this motion, Michael alleged that Bonnie was encouraging Ashley to be "disrespectful" and "verbally abusive" toward her custodial family so that Ashley would be allowed to live with Bonnie. The June 18 motion sought to terminate and/or limit Bonnie's involvement with Ashley.
 {¶ 4} On August 2, 2004, a hearing was held before a magistrate of the juvenile court. At this hearing, Michael's attorney stated Ashley's unruly behavior was precipitated by Bonnie's efforts to gain custody of Ashley by filing a motion to change custody in Summit County Domestic Relations Court. Michael's attorney asked the court to exercise exclusive jurisdiction over Ashley and stay the Summit County proceedings. Michael's attorney stated "it's [the] father's feeling that a lot of this behavior and a lot of the problems that have been going on is as a result of this change of custody motion that's been filed by the mother." At this hearing, Ashley denied the charges and an attorney was appointed to represent her.
 {¶ 5} On August 17, 2004, another magistrate of the juvenile court dismissed the case "as improvidently filed" and as "an inappropriate use of the Court's time to pursue civil remedies." The magistrate noted that "[a] review of these * * * pleadings reflects that the filing is a subterfuge to engage in civil litigation between the parents."
 {¶ 6} Michael filed objections to the magistrate's decision. On September 14, 2004, the trial court overruled Michael's objections and adopted the magistrate's decision. This appeal timely follows.[1]
 {¶ 7} On appeal, Michael raises the following assignment of error: "The court erred and committed an abuse of discretion [by] sua sponte dismissing the case." Michael argues that, in dismissing the complaint, the magistrate made "factual assertions without any [evidentiary] proceedings before him." Accordingly, the court's sua sponte dismissal of the action constitutes an abuse of discretion. We disagree.
 {¶ 8} We construe the juvenile court's dismissal of Michael's complaint as an exercise of the court's discretion to decide whether or not to commence juvenile court proceedings. Juvenile Rule 9(A), governing the intake and screening of cases, provides as follows: "In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court."[2]
 {¶ 9} The Ohio Supreme Court has held that the goals of the "best interests of the child and the welfare and protection of the community * * * are most effectively met at the initial intake of the juvenile by the juvenile court. The overriding rule upon intake of a child is that formal court action should be a last resort to resolving juvenile problems." In re M.D. (1988),38 Ohio St.3d 149, 153.
 {¶ 10} "Whether a [juvenile] proceeding should be dismissed or reach the merits is within the sound discretion of the trial judge." In re Arnett, 3rd Dist. No. 5-04-20, 2004-Ohio-5766, at ¶ 9. This court has held that, "[i]t is clear from the language of Juv.R. 9 that formal court action is permissible in appropriate cases, and that it is within the discretion of the juvenile court to proceed in such a manner." In re Corcoran
(1990), 68 Ohio App.3d 213, 216; accord, In re Carter (March 11, 1996), 12th Dist. No. CA950-5-087, 1996 Ohio App. LEXIS 893, at *5.
 {¶ 11} In the present case, the juvenile court determined that it was not in the interest of justice that the complaint against Ashley should proceed. The court's decision is based on its conclusion that Michael's complaint was filed as a result of related civil litigation pending in Summit County. This conclusion is supported by Michael's efforts to stay the proceedings in Summit County, to terminate and/or limit Bonnie's contact with Ashley, and Michael's belief that Ashley's misbehavior is a result of Bonnie's effort to gain custody of Ashley. We find no abuse of discretion in the juvenile court's decision. Cf. In re Smith (1992), 80 Ohio App.3d 502, 505
("[t]he juvenile court was entitled to review the appropriateness of filing the complaint * * * during the initial intake of the juvenile into the juvenile court system, while keeping in mind that formal action before the juvenile court should be a last resort in dealing with juvenile problems").
 {¶ 12} We emphasize that a juvenile court's procedures during intake are informal. Moreover, the juvenile court is entitled to dismiss a complaint even after the allegations of the complaint are established at the adjudicatory hearing if it is in the best interests of the child or the community. See In re Dodson
(March 4, 1996), 3rd Dist. No. 17-95-19, 1996 Ohio App. LEXIS 994, at *6-*7, citing Juv.R. 29(F)(2)(d).
 {¶ 13} For the foregoing reasons, the decision of Ashtabula County Court of Common Pleas, Juvenile Division, dismissing Michael's unruly child complaint is affirmed.
Rice, J., concurs, Ford, P.J., dissents with a Dissenting Opinion.
[1] On April 1, 2005, this court remanded the cause for lack of a final appealable order, noting that the August 17, 2004 magistrate's decision "is captioned as a Judgment Entry and a Magistrate's Order/Decision," "is signed by both the magistrate and the trial court judge," and contains "a sentence indicating that the trial court approves and adopts the Magistrate's Decision." On April 5, 2005, the trial court issued another judgment entry approving the decision of the magistrate.
[2] "The term `intake' refers to the process by which a decision is made whether to file a complaint, or, in some instances, to proceed with a previously filed complaint. Intake procedures and decision-making are informal. The intake process, which determines whether an effort will be made to involve the state in the life of the child and his or her family, is an area of discretion that has been largely unaffected by the judicial and legislative reforms that have followed the decision in In reGault [(1967), 387 U.S. 1]." 2 Ohio Family Law § 13.1.