[Cite as *In re T.W.*, 2012-Ohio-2843.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

IN RE: T.W.,                                                CASE NO. 16-11-12

   A MINOR CHILD-APPELLANT.                       O P I N I O N

**Appeal from Wyandot County Common Pleas Court
Juvenile Division
Trial Court No. D2111042**

**Judgment Affirmed**

**Date of Decision:   June 25, 2012**

APPEARANCES:

   *Amanda J. Powell*  for Appellant

   *Jonathan K. Miller and Douglas D. Rowland*  for Appellee

**SHAW, P.J.**

{**¶1**} Defendant-appellant T.W. appeals the October 17, 2011 judgment of the Wyandot County Common Pleas Court, Juvenile Division, sentencing T.W. to non-reporting probation upon being adjudicated an Unruly Child in violation of R.C. 2151.022(A).

{**¶2**} The facts relevant to this appeal are as follows. T.W. was a fourth-grade student at a middle school in Upper Sandusky. Between September 1, 2010 and early May 2011, the school was having difficulty with T.W. as T.W. would routinely leave class without permission, would refuse to do work assigned to him while in class, and would make comments to school staff that could be considered threats. As a result, in early May of 2011, T.W. was placed in a classroom for students who had been labeled "emotionally disturbed." Despite the change, T.W.'s behavior did not improve.

{**¶3**} On May 25, 2011, Jim Wheeler, the Principal for the middle school, filed a complaint against T.W. alleging that T.W. was an Unruly Child in violation of R.C. 2151.022(A). The complaint claimed that "[o]n or about September 1, 2010 through May 23, 2011, * * * T.W. did not submit to the reasonable control of his parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient." (Doc. 1).

{¶4} On August 25, 2011, an adjudicatory hearing was held to determine whether T.W. was an "unruly child." At the hearing, the State called Principal Wheeler as its first witness. Principal Wheeler testified that T.W. would routinely leave class without permission. Principal Wheeler also testified that on one occasion T.W. threatened to run away and on another occasion T.W. had made comments that could be construed as threats.[1] Principal Wheeler testified that at least once "he spent his entire day dealing with T.W.'s behavior and the disruptions they caused." (Doc. 28). Further, Principal Wheeler testified that T.W. "would not accept any disciplinary measure unlike any other student even those with the same behavioral issues as [T.W.]." (Doc. 28).

{¶5} After Principal Wheeler was cross-examined, the State called Suzanne Getz, a Teacher's Aide for the "emotionally disturbed" class. Getz testified to her interaction with T.W. and the difficulties she encountered. Next, the State called Patrolman Joseph Ruse. Ruse testified to the "four to five" times he was called to the middle school for incidents related to T.W. (Aug. 25, 2011 Tr. at 50). The State then rested its case.

{¶6} Although T.W.'s counsel did cross-examine all of the State's witnesses, T.W. did not testify, T.W. did not call any witnesses, and T.W. did not enter any exhibits into evidence. However, at the close of testimony, T.W.'s

---

[1] In one such comment T.W. "looked at [the Principal], held his thumb and forefinger like this and said words to the effect of * * * 'you're getting on – you're trying my patience. * * * [Y]ou are here, you better hope it doesn't get to here' and then he closed the thumb and forefinger." (Aug. 25, 2011 Tr. at 10).

attorney orally moved to dismiss the complaint against T.W., claiming that no "teacher" testified to T.W. being unruly and that, therefore, the charge could not be proven. The court took the argument under advisement.

{¶7} On September 1, 2011, the court filed its Judgment Entry finding that Principal Wheeler satisfied the definition of "teacher" in R.C. 3319.09 as Principal is explicitly listed within the statutory definition of teacher.[2] The court then specifically found Principal Wheeler's testimony credible and held that "Mr. Wheeler's testimony established that [T.W.] does not submit to the reasonable control of his teacher, Mr. Wheeler, by reason of being wayward and habitually disobedient. The Court therefore adjudges [T.W.] to be an unruly child and finds him guilty of violating Revised Code Section 2151.022(A) beyond a reasonable doubt." (Doc. 28). The judgment entry of the court ordered T.W. to undergo a psychological evaluation to determine what disposition would be in T.W.'s best interest.

{¶8} On October 17, 2011, a dispositional hearing was held. At the hearing T.W.'s attorney stated that T.W. had been diagnosed with ADHD and was being medicated for that disorder.[3] T.W.'s attorney stated that T.W. had been attending a new school, had been behaving, and had received an interim grade report with all

---

[2] The court did hold, however, that the testimony from Getz and Patrolman Ruse would not be considered as neither fit the statutory definition.

[3] According to T.W's attorney's statements, reports also indicated T.W. had "Oppositional Disorder" as well as ADHD. (Oct. 17, 2011 Tr. at 2).

A's and one B. (Oct. 17, 2011 Tr. at 3). T.W.'s attorney then asked that in light of those facts that the case be closed, or, in the alternative, that if the case was to remain open for probation, that the only condition be that T.W. maintain his medication and his appointments.

{¶9} Ultimately the court placed T.W. on nonreporting probation, ordered T.W. to continue at his new school and ordered T.W. to continue seeing his doctor, Dr. Spare. This disposition was memorialized in a judgment entry on the same day as the dispositional hearing, October 17, 2011.

{¶10} It is from this judgment that T.W. appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE WYANDOT COUNTY JUVENILE COURT ERRED WHEN IT DENIED [T.W.]'S REQUESTS TO DISMISS THE CASE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, R.C. 2151.01, AND JUVENILE RULES 1(B), 9(A), AND 29(F)(2)(d).**

{¶11} In his assignment of error, T.W. argues that the trial court erred by not dismissing the complaint against him. Specifically, T.W. contends that pursuant to the Juvenile Rules of Procedure, the complaint against T.W. should have been dismissed because dismissal was in T.W.'s and the community's best interests.

{¶12} "Juvenile Rule 29(F)(2) vests the trial court with discretion to adjudicate and dispose of a case." *In Re Arnett*, 3d. Dist. No. 5-04-20, 2004-Ohio-5766, ¶ 9, citing *In re Bynum*, 8th Dist. No. 75672, (Feb. 17, 2000) unreported. Whether a proceeding should be dismissed or reach the merits is within the sound discretion of the trial judge. *Id*., citing *In re N.K.*, 8th Dist. No. 82332, 2003-Ohio 7059, ¶ 23. The standard of review in this context is an abuse of discretion. *See, E.g., In re Smith*, 80 Ohio App.3d 502, 504 (1st. Dist.1992) (reviewing an appeal from the State after a trial judge dismissed a juvenile complaint as being in the best interest of the child). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} In this case T.W. was found guilty of being an Unruly Child in violation of R.C. 2151.022(A), which defines an unruly child as "[a]ny child who does not submit to the reasonable control of the child's parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient." The trial court found T.W. guilty of being an unruly child based upon the "credible" testimony of Principal Wheeler. (Doc. 28).

{¶14} Both at the close of T.W.'s adjudication hearing and before the trial court's final disposition at the dispositional hearing, T.W.'s attorney made a

request to dismiss the complaint against T.W.[4]  Notwithstanding those requests, the trial court proceeded to sentence T.W. to nonreporting probation.

{¶15} On appeal, T.W. argues that the trial court should have dismissed the complaint against him.  In support of his argument, T.W. claims that he was doing better in his new school and that he had not shown any behavioral problems since being diagnosed with, and medicated for, ADHD.  T.W. also cites several provisions of the Juvenile Rules of procedure, which, as he claims, mandate a dismissal.  The relevant excerpts of the Juvenile Rules cited by T.W. are provided below.

**Juv.R. 1**

**\* \* \***
**(B)  Construction**

**These rules shall be liberally interpreted and construed so as to effectuate the following purposes:**

**(1)  to effect the just determination of every juvenile court proceeding by ensuring the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights;**

**(2)  to secure simplicity and uniformity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay;**

**(3)  to provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community; and**

---

[4] At the dispositional hearing, T.W.'s attorney requested that the case be 'closed.'  (Oct. 17, 2011 Tr. at 3).

**(4) to protect the public interest by treating children as persons in need of supervision, care and rehabilitation.**

**\* \* \***

**Juv.R. 9**

**(A) Court action to be avoided**

**In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.**

**\* \* \***

**Juv.R. 29**

**(F) Procedure upon determination of the issues**

**Upon the determination of the issues, the court shall do one of the following:**

**(1) If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;**

**(2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:**

**(a) Enter an adjudication and proceed forthwith to disposition;**

**(b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;**

**(c) Postpone entry of adjudication for not more than six months;**

**(d) Dismiss the complaint if dismissal is in the best interest of the child and the community.**

Juv.R. 1(B); 9(A); 29(F).

{¶16} According to T.W., pursuant to the rules above, the trial court was *required* to dismiss the complaint. However, Juv.R. 29(F)(2) makes clear that it is completely within the court's discretion to choose *any* one of the enumerated ways to dispose of the case. As is clearly stated in Juv.R. 29(F)(2)(b), it is well within the trial court's discretion to "enter an adjudication" and proceed to disposition. The court in this case chose to proceed and to adjudicate rather than to dismiss the complaint against T.W.

{¶17} Although the court did not specifically hold that it was in T.W. and the community's best interest to enter a disposition and place T.W. on nonreporting probation, it is implicit within the trial court's findings as the court chose not to dismiss the case. Moreover, the trial court's decision not to dismiss is supported by the testimony at the adjudicatory hearing. The trial court had heard the "credible" testimony of Principal Wheeler who described incidents that formed the basis of finding T.W. unruly.

{¶18} Furthermore, while T.W. argues that between the adjudication hearing and the dispositional hearing T.W.'s behavior had improved, T.W. had not been at his new school for very long. T.W.'s argument that the case should be dismissed is ultimately unsupported as T.W. cannot point to anything in the record illustrating how it is in his, or the community's, best interest that the case be

dismissed.[5]  On the contrary, the record seems to establish that the current course of action had been effective for T.W. as he had apparently been doing better in school.

{¶19} At best, T.W. argues that an alternative disposition *could have been* appropriate in this case.  As it is well within the discretion of the court to determine whether a complaint should be dismissed, there is evidence to support the decision made by the trial court, and the trial court is in a better position to determine what is in the best interests of T.W., we do not find an abuse of discretion in this case.

{¶20} For the foregoing reasons, T.W.'s assignment of error is overruled and the judgment of the Wyandot County Common Pleas Court, Juvenile Division, is affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**

---

[5] In fact there is no documentation supporting T.W.'s attorney's oral claims at the dispositional hearing that T.W. had had no behavioral problems or that his grades were as he stated.  However, we note that even if this information had been in the record, it would not have changed the outcome of this case as the record is still devoid of proof that dismissal was in his or society's best interest.