[Cite as *In re K.M.*, 2016-Ohio-1023.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF K.M. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| ALLEGED DELINQUENT CHILD | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case No. 15CA76 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2015 DEL 00393


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     March 11, 2016


APPEARANCES:

For Appellant     For Appellee

MELISSA A. ANGST     BRYON D. CORLEY
38 South Park Street     22 North Walnut
Mansfield, OH 44902     Mansfield, OH 44902

*Farmer, P.J.*

{¶1}   On June 14, 2015, a complaint of delinquency was filed against appellee, K.M., a juvenile age fifteen, charging him with one count of domestic violence in violation of R.C. 2919.25.

{¶2}   An adjudicatory hearing was held on June 15, 2015 wherein the trial court entered a denial on behalf of appellee.  Appellee was placed on house arrest and ordered to reside with his grandmother with the consent of his parents.  The order of house arrest was vacated on July 9, 2015.

{¶3}   A pretrial was held on August 25, 2015 wherein the trial court dismissed the complaint, finding dismissal was in the best interest of the child and the community.  This decision was memorialized via judgment entry filed August 25, 2015.

{¶4}   Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED WHEN IT DISMISSED THE COMPLAINT AGAINST THE ALLEGED DELINQUENT CHILD."

I

{¶6}   Appellant claims the trial court erred and abused its discretion when it dismissed the complaint against appellee pursuant to Juv.R. 29(F).  We disagree.

{¶7}   Our brethren from the Third District in *In re T.W.,* 3rd Dist. Wyandot No. 16-11-12, 2012-Ohio-2843, ¶ 12, explained the following:

"Juvenile Rule 29(F)(2) vests the trial court with discretion to adjudicate and dispose of a case." *In Re Arnett,* 3d Dist. No. 5-04-20, 2004-Ohio-5766, 2004 WL 2426258, ¶ 9, citing *In re Bynum,* 8th Dist. No. 75672, 2000 WL 193236 (Feb. 17, 2000) unreported. Whether a proceeding should be dismissed or reach the merits is within the sound discretion of the trial judge. *Id.,* citing *In re N.K.,* 8th Dist. No. 82332, 2003-Ohio-7059, 2003 WL 23009113, ¶ 23. The standard of review in this context is an abuse of discretion. *See, E.g., In re Smith,* 80 Ohio App.3d 502, 504, 609 N.E.2d 1281 (1st Dist.1992) (reviewing an appeal from the State after a trial judge dismissed a juvenile complaint as being in the best interest of the child). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8}   A denial was entered pursuant to Juv.R. 29(C). Juv.R. 29(E) governs initial procedure upon entry of a denial and states the following:

If a party denies the allegations the court shall:

(1) Direct the prosecuting attorney or another attorney-at-law to assist the court by presenting evidence in support of the allegations of a complaint;

(2) Order the separation of witnesses, upon request of any party;

(3) Take all testimony under oath or affirmation in either question-answer or narrative form; and

(4) Determine the issues by proof beyond a reasonable doubt in juvenile traffic offense, delinquency, and unruly proceedings; by clear and convincing evidence in dependency, neglect, and abuse cases, and in a removal action; and by a preponderance of the evidence in all other cases.

{¶9} Juv.R. 29(F) governs procedure upon determination of the issues and states the following in pertinent part:

Upon the determination of the issues, the court shall do one of the following:

(1) If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;

(2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:

(d) Dismiss the complaint if dismissal is in the best interest of the child and the community.

{¶10} On August 25, 2015, the trial court held a pretrial on the matter. In attendance were appellee without his attorney, the prosecutor, appellee's grandmother, probation officer, and counselor, and an agent from Children's Services. The trial court was familiar with appellee as he had him in "Special Response Court." The trial court

heard from appellee's grandmother, probation officer, and counselor, and a Children Service's agent, who all agreed appellee was progressing and on track with his school work and employment, and was staying out of trouble.  T. at 6, 9, 12, 13.  Appellee's probation officer did not have any concerns with him and neither did his mom or dad "regarding behavior issues at the home or conflicts with dad."  T. at 6.

{¶11}  The trial court decided to handle the matter unofficially (T. at 6-7):

THE COURT: Alright.  So uh I am proud of this young man.  He's leaning into it, doing good stuff here.  So it makes me feel good to see how well you are doing.  I had him in Special Response Court and let's see.  I can't recall exactly the uh, I know the note here is about handling this unofficially.

STEPHENIE SELL, PROBATION OFFICER: Correct.

THE COURT: Did we have some discussions on that or?

STEPHENIE SELL, PROBATION OFFICER: We did.  We had it in Special Response Court.  Um, at that time um you advised that if he maintained his behavior and did well that, that you would uh consider vacating it and dismissing the case altogether, as long as he didn't have any more conflict with his, with his father.

THE COURT: Alright.

STEPHENIE SELL, PROBATION OFFICER: And he, he did what he was supposed to on um house arrest.  And at that point uh when he was brought into detention, that was before, Your Honor, um he went and stayed

with his grandmother for two weeks I think it was and, and did real well there. And then went back home, and they've had no conflict, so.

{¶12} The prosecutor objected to the dismissal. T. at 7. The trial court noted "this item here was an internal matter in the family more than anything else, on that basis. So uh I'm just going to go ahead and dismiss this because he was doing well in Special Response Court. He's on a positive track now." T. at 8.

{¶13} The prosecutor requested findings of fact and conclusions of law pursuant to Juv.R. 29(F)(3). T. at 10. The trial court explained the following (T. at 11):

THE COURT: Alright. Uh, the Court is endeavoring to just um, uh let's see, his attorney is not here. But I'm dismissing it without prejudice to future filing. If your office believes that you should refile it, then just go ahead and refile it. And uh all that's going to happen in this is, his lawyer will show up, have him enter a no contest plea or an admission, and I dismiss the case and (inaudible) the same way there. I just simply, I simply don't believe that this, with the progress that he is making, that it's in the interest of the public or of the family that it maintain, be maintained as a domestic violence, in light of these circumstances."

{¶14} The trial court noted it would be seeing appellee again in Special Response Court on September 17th. T. at 12. In its judgment entry filed August 25, 2015, the trial court stated the following:

Matter before the Court for pretrial conference on the delinquency complaint of Domestic Violence (M4) – ORC 2919.25(C). Minor's counsel, Attorney Jerry Thompson, not present for pretrial conference. The Court finds that the interests of justice do not require a formal adjudication in this case; further, that case dismissal is in the best interest of the child and community.

*** 

Upon the Court's own motion, the within case is dismissed without prejudice to future filing and processed informally. The State of Ohio may refile the complaint at any time should the State choose to again pursue the matter as a formal action.

{¶15} A juvenile judge has an unusual and complex role as both in loco parentis at times and judge and jury at times. Although the trial court did not enter written findings of fact and conclusions of law as requested, the trial court clearly stated during the hearing its reasons for dismissing the delinquency complaint. The trial court was working with appellee in Special Response Court, and determined appellee was progressing and on a positive track and the matter at issue was an internal family matter. The trial court specifically found dismissal was "in the best interest of the child and the community."

{¶16} Upon review, we find the trial court did not abuse its discretion in dismissing the delinquency complaint pursuant to Juv.R. (F)(2)(d).

{¶17} The sole assignment of error is denied.

{¶18}  The judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.

SGF/sg 219